The action being continued nisi, the opinion of the Court was delivered at the following November term in Suffolk, by
Parsons, C. J.
Since the argument, we have looked into the case, and are of opinion that judgment be rendered *for the demandant on the verdict. Three objections [ * 134 ] were made to the judge’s directions.
1. That he did not compel Makepeace, the assignor of the mortgage, to be a witness for the mortgagor. But Makepeace very clearly had an interest in supporting the mortgage; for if the demandant should fail in recovering, yet by reconveying the mortgaged estate of Makepeace, the latter would forfeit his bond, unless he paid the demandant a sum of money. It was, therefore, Make-peace’s interest that the mortgage should not be declared void, as usurious.
2. Another objection was, that the judge would not compel Daniel P. Parker to be sworn as a witness against the demandant; after Parker had sworn that, as a partner in trade with Appleton, he was jointly and equally interested with him in the event of the suit. There seems to be no foundation for this objection. If Parker swore falsely, he ought to be convicted of perjury, (a)
3. The objection to the demandant’s title is founded on the statute of 1785, c. 62, § 4, which provides that all conveyances to two or more grantees shall be adjudged to convey estates in common, unless it appear from the conveyances that the intent of the parties was, that joint estates should pass.
The conveyance before us is a mortgage to two persons in fee, to secure the payment of a debt jointly due to the mortgagees. As, upon the death of either mortgagee, the remedy to recover the debt would survive, we are of opinion that it was the intent of the parties, that the mortgage, or collateral security, should comport with that remedy ; and, for this purpose, that the mortgaged estate should survive. Upon any other construction, but one moiety of the mortgaged tenements would remain a collateral security for the joint debt; which would be clearly repugnant to the intention of the parties to the mortgage. The objection to the demandant’s title to the whole cannot prevail; and judgment must be rendered on the verdict for the demandant, as on a mortgage.

 [Both Makepeace and Parker, notwithstanding their interest, might have been compelled to testify against it. — Bull vs. Loveland, 10 Pick. 9. — Taney vs. Kemp Harr. Johns. 348. — Stoddart vs. Manning, 2 Harr. & Gill. 147. — Baird vs Cochran, 4 Serg. & Rawl. 397. — Devoll vs. Brownell, 5 Pick. 448. — Ed.]