NEW-YORK,
May, 1828.

The People
v.
Irving.

upon which Fitch, with another as his surety, executed a bond and tendered it to the justice, who received and approved of it, and made his return to the Monroe common pleas. The common pleas quashed the appeal, because the bond was not executed by the *party* in the suit.

*A. Gardiner,* for the relator.

*J. H. Gregory,* contra.

---

THE PEOPLE, on the relation of JAMES MCCALL, *vs.* The Hon. JOHN T. IRVING, first Judge of the New-York Common Pleas.

A party in interest in a suit pending in another state, cannot be compelled to testify in a proceeding under the act, (1 *R. L.* 49,) authorizing magistrates to take affidavits to be used in other states.

MOTION for a mandamus. Application was made to Judge Irving, to summon Robert Sedgwick and Daniel Lord, junior, conformably to the provisions of a statute of this state, authorizing magistrates to take affidavits, to be used as evidence in any other of the United States, when such

evidence is admissible, (1 *R. L.* 49,) to appear before him and make affidavit of all such matters and things as they might know concerning two suits which were stated to be pending in a court in *Connecticut,* between James McCall, plaintiff, and Thomas M. Rogers, defendant, and in which Messrs. Sedgwick and Lord were alleged to be material witnesses for the plaintiff. The judge accordingly issued his summons, and Messrs. Sedgwick and Lord refusing to appear, they were brought before him on a warrant issued by him. When brought before the judge, they made oath that they were the real parties in interest in the suits prosecuted in *Connecticut,* and entitled to the subject matter in controversy, for which cause they claimed to be privileged from giving testimony. The judge decided that they could not be compelled to give testimony, and were not bound to produce certain papers connected with the same subject, which they had been required to produce by a notice attached to the summons. A motion is now made for a mandamus directing the judge to proceed and compel Messrs. Sedgwick and Lord to testify and produce the papers in question.

*J. Wallis,* for relator.

*D. Lord, jun.* contra.

*By the Court,* SUTHERLAND, J. When the persons called upon to testify alleged, under oath, that they were the parties in interest, and entitled to the subject matter in controversy in the suits in which their testimony was sought as witnesses, the judge did right to discharge them. A party in interest cannot be compelled to testify without his consent. (*See Mauran* v. *Lamb,* 7 *Cowen,* 174.) The statute under which this proceeding was had, confers power upon magistrates to compel *witnesses,* but not *parties,* to testify. It might lead to great abuses, were it permitted thus to compel parties to disclose their interests.

Motion denied.