<div style="margin-left:0">Burnham<br>v.<br>Aiken, et a.</div>

J. H. R. by the creditor, J. F. by the debtor"—Whether the debtor or the creditor complied with the direction, it is not stated. It does not appear even that this direction was given to either of them, or that Folsom and Read were in fact chosen by any body.

The usual form of the return is—" I caused three appraisers to be chosen." But to cause a thing to be done is one thing—to direct it to be done is quite another thing. What is caused to be done, is done. What is directed to be done is by no means always actually done. But it is not necessary to settle this point, and we shall therefore leave it undecided.

*Verdict set aside and a new trial granted.*

## BENJAMIN HILLS, and others, *versus* JOSEPH DOE.

Where the demandants in a writ of entry were joint tenants at the commencement of the action, it was held to be no defence to the suit that they had since, by mere operation of law, become tenants in common.

THIS was a writ of entry brought to recover a tract of land in Chester, and was tried upon the general issue in the common pleas, at March term, 1833, and a verdict taken, by consent, for the demandants, subject to the opinion of this court upon the following case.

One Jeremiah Rand, being seized of the demanded premises, on the 11th February, 1819, by deed, conveyed the same to the demandants. On the back of the deed was an endorsement as follows :—

" The condition of the within deed is such, that if the within named J. R. shall well and truly pay to the with-

in named B. H. &c. one note of the sum of $200, &c. then the within instrument is to be void."

It was proved, by one witness, that this endorsement was upon the deed at the time it was delivered.

On the 2d April, 1831, the demandants conveyed to the tenant all their interest in the demanded premises.

On the 23d January, 1832, the demandants having an execution against the said Jeremiah Rand, caused the same to be extended upon the demanded premises, and then tendered to the tenant the amount of the note mentioned in the condition, endorsed as aforesaid, upon the deed from Rand to the demandants, which the tenant accepted.

Doe, the tenant, having brought a writ of entry to recover the said premises against the said J. Rand, at August term of the superior court, 1831, recovered judgment, and by virtue of an execution issued on that judgment, was put into possession of the premises by a deputy sheriff, on the 23d November, 1831.

*D. French* and *J. Bell.* for the demandants.

*Belton* and *I. Bartlett*, for the tenant.

RICHARDSON, C. J. delivered the opinion of the court.

It is objected, in this case, that the action cannot be maintained because the demandants are now tenants in common. But we are of opinion that this objection cannot, under the circumstances of the case, prevail.

It has been held, that when lands are conveyed to two or more persons in mortgage, they are joint tenants until the right to redeem is foreclosed, and that then they become tenants in common. 7 Mass. Rep. 131, *Appleton* v. *Boyd ;* 11 ditto, 469, *Goodwin* v. *Richardson.*

The interest in the land is held to follow the interest in the debt, until the conveyance becomes absolute, and the debt thus extinguished.

And when two creditors obtain a judgment and execution against their debtor, and cause the execution to be

<div style="margin-left:auto;">
Hills, et a.
v.
Doe.
</div>

extended upon the land of the debtor, we are of opinion that while the debtor has a right to redeem, their interest in the land is joint ; but as soon as their estate becomes absolute, they are tenants in common.

But we are also of opinion that this action is not affected by the circumstance that the demandants have now become tenants in common.

Tenants in common cannot join in a real action because their freeholds are in general several and their estates different, and depending upon different titles. But in this case, when the demandants were disseized, and when this action was commenced they were joint tenants. And no sound reason is perceived why the suit should fail because by mere operation of law they have now become tenants in common.

<div style="text-align:right;">*Judgment on the verdict.*</div>