## HARVEY BURNETT, Administrator, *versus* MARSHALL PRATT *et al.*

A mortgage given to two persons to secure their several demands, is several and not joint ; each has a right to enforce his claim under the mortgage, in a form adapted to his case ; and of course, the surviving mortgagee cannot maintain an action on the mortgage to enforce payment of the debt due to the deceased mortgagee.

THIS was an action on a mortgage, brought by the plaintiff as administrator of the estate of Polly Pratt, deceased, to recover possession of the mortgaged premises.  The mortgage was dated the 3d of January, 1814, and was given by Nahum Pratt, deceased, father of the defendants, to Esther, Millisent, Rebecca and Polly Pratt, to secure four notes given by Nahum, one to each of the mortgagees.

The demandant's counsel stated, that the mortgagees were all dead ; that Polly Pratt survived the others ; that all the notes had been paid, except the one given to Rebecca Pratt ; and that this action was brought for the purpose of enforcing payment of that note.

The defendants objected, that upon this statement the action could not be maintained in the name of the administrator of Polly Pratt ; and for the purpose of settling that question, the chief justice ruled that the action was wrongly brought.

*Oct. 5th.*    *Newton* and *Conant*, for the plaintiff, contended that the mortgage created a joint tenancy in all the mortgagees ; that they had a joint legal interest in the remedy ; and that the remedy survived to the last survivor and went over to her administrator.   They cited *Slingsby's case,* 5 Coke, 19 ; *Anderson* v. *Martindale,* 1 East, 497 ; *Eccleston* v. *Clipsham,* 1 Wms's Saund. 153, and notes ; 2 Dane's Abr. 223, c. 42, art. 1 ; 1 Chit. Pl. 11 ; *Appleton* v. *Boyd,* 7 Mass. R. 131 ; Revised Stat. c. 65, § 11 ; *Goodwin* v. *Richardson,* 11 Mass. R. 469 ; *St.* 1788, c. 51, § 1 ; Revised Stat. c. 107, § 7. All the mortgagees may be regarded as trustees for each. *Crane* v. *March,* 4 Pick. 131 ; *St.* 1783, c. 37, § 3 ; Revised Stat. c. 59, § 30.

*Merrick* and *Washburn,* for the defendant, cited *St.* 1785,

*c.* 62, § 4 ; *Donnelt* v. *Edwards & Trs.* 2 Pick. 617 ; *Reho-both* v. *Hunt*, 1 Pick. 224 ; Revised Stat. *c.* 65, § 12.

MORTON J. afterward drew up the opinion of the Court. A covenant with two or more persons constitutes a joint obligation ; and a conveyance in fee or in mortgage to several, at common law, creates a joint tenancy. But covenants are to be construed with reference to the subject matter upon which they are to operate, and where the interests of the covenantees are *several*, the covenant, though in form *joint*, shall be construed to be *several*; and each of the covenantees may maintain his separate action. 1 Chit. Pl. 11 ; Bull. N. P. 157 ; 1 Wms's Saund. 154, note 1 ; *Windham's case*, 5 Coke, 8 ; *Slingsby's case*, 5 Coke, 19 ; *Shaw* v. *Sherwood*, Cro. Eliz. 729 ; *Wotton* v. *Cooke*, Dyer, 337 *b* ; *Wilkinson* v. *Lloyd*, 2 Mod. 82 ; *Tippet* v. *Hawkey*, 3 Mod. 263 ; *Enys* v. *Donnithorne*, 2 Burr. 1190. And in conveyancing, our statutes have essentially changed the common law. By their provisions a conveyance to several always creates a *tenancy in common*, unless the deed of conveyance expressly provides for a *joint tenancy*. *St.* 1785, *c.* 62, § 4 ; Revised Stat. *c.* 59, § 10, 11. Even the common law now favors tenancies in common ; *Haws* v. *Haws*, 1 Ves. sen. 13 ; *Rigden* v. *Vallier*, 2 Ves. sen. 258 ; and the policy of our legislation is decidedly adverse to joint tenancies. The doctrine of survivorship is not in accordance with the genius of our institutions. See *Miller* v. *Miller*, 16 Mass. R. 59.

Every written agreement should be construed with reference to the nature of the transaction between the parties and to the objects which they appear to have in view. A too strict adherence to the literal and grammatical construction of the words, often subverts the intention of the parties. *Qui hæret in litera hæret in cortice.* If a mortgage be given to secure a joint debt, it shall be so construed as to create a joint estate, notwithstanding the provisions of our statute. As the debt would survive, so the lien upon the estate should also survive, otherwise the security might be inadequate, and the object of the parties defeated. *Appleton* v. *Boyd*, 7 Mass. R. 131. But if a mortgage be given to two or more persons to secure their several debts, the obvious purpose of the parties must be,

<div style="margin-left:2em">

Burnett
*v.*
Pratt.

</div>

to give to each, security for his particular debt.   The mort-
gage therefore should, according to the meaning of the parties
and pursuant to the provisions of our statute, be construed to
cᵣeate a tenancy in common.    Mr. Dane says, "if two equal-
ly lend  money on a mortgage, though  made to them jointly,"
they will be tenants in common.    2 Dane's Abr. 226, § 2
And in *Rigden* v. *Vallier*, 2 Ves. sen. 258, Lord *Hardwicke*
says,  "this court has determined, that if two  men jointly and
equally advance a sum of money on a mortgage, and take that
security to them and their heirs, without any words *equally to
be divided between them*, there shall be no survivorship ;  and so
if they were to foreclose the mortgage, the estate should be
divided  between them, because  their intent is presumed to be
so."   Even where a *joint* debt is secured by mortgage, this
Court have held, that after foreclosure, the mortgagees become
tenants in common.    *Goodwin* v. *Richardson*, 11 Massᵢ R.
469.    See *Deloney* v. *Hutcheson*, 2 Randolph, 183 ;  *Randall*
v. *Phillips*, 3 Mason, 378 ;  and *Edwards* v. *Fashion*, 1 Eq.
Cas. Abr. 292, *pl.* 9.

On the whole, we think it is very  clear and well settled, that
a mortgage given to two or more persons, to secure their sev-
eral debts, is several and not joint ;  that each mortgagee has a
right to enforce his claim under the mortgage, in a form adapted
to the  case, and of course, that the  doctrine of survivorship
does not apply.    If the debts secured are equal in amount, the
mortgagees will have an equal interest in the mortgaged estate,
and in case of foreclosure will  hold  it  in  equal  proportions.
But if the debts are unequal, the purparties of the tenants will
be in exact proportion to the amounts of their respective debts.
*Donnels* v. *Edwards & Trs.* 2 Pick. 617 ;  Powell on Mortg.
(Rand's ed.) 670, 671, 672.

As the  plaintiff  claims  by right of survivorship, the action
cannot be maintained in  his name, as  administrator to the sur-
vivor.

<div style="text-align:right">*Plaintiff nonsuit.*</div>