MARY KINSLEY *versus* WILLIAM ABBOTT, Adm'r.

Land conveyed to two in mortgage, as security for a debt due them, is held by the mortgagees before foreclosure as joint tenants.

In case of the death of one of the mortgagees the survivor is entitled to possession of the mortgage and notes.

When one of the co-mortgagees, having possession of the notes, had collected a portion of them, and retained the money collected, and then died insolvent — it was *held*, that the survivor had a right to the possession of the mortgage securities, and might, from the proceeds of the residue, retain sufficient to equalize the amounts collected by each.

THIS is an action of assumpsit, for money had and received by the defendant's intestate, during his lifetime, and by the defendant, as administrator, after his death, which is submitted to the decision of the Court on the following statement of facts, with an agreement, that the Court may determine the several questions of law arising upon those facts, without reference to the form of the action or the party plaintiff.

On the 27th of Nov. 1838, Enoch Brown and Samuel J. Gardiner purchased and took a deed of a tract of land in Bangor, called the Leavitt Place, which was surveyed and divided into fifteen lots. These lots were sold previous to the death of Enoch Brown, who died in Jan. 1839, insolvent, except lots No. 13 and 14, and mortgages were taken to secure the purchase money. Gardiner having advanced the cash for the original purchase, Brown repaid him this advance by assigning to him the mortgages and notes taken for lots No. 1, 8 and 15. The mortgages and notes were left in the hands of Brown, who made collections, as well of the mortgages which were the sole property of said Gardiner, as of those which were the common property, and from time to time paid over the money collected to Gardiner. On the 24th of July, 1837, Brown and Gardiner made a partial settlement, at which time Brown gave him his note for $172, 34, which remains unpaid in the plaintiff's hands. Previous to the death of Brown, Gardiner, with his knowledge and assent, assigned all his interest in the notes and mortgages to the plaintiff. The collections were mostly made before this assignment. At the death of Brown there

was a balance in his hands, of money collected, both on account of the mortgage notes belonging to Gardiner alone, and from those which belonged to him and Brown. A moiety now due on the unpaid mortgages, will be more than sufficient to pay the money collected by Brown, on account of the mortgages and notes holden in severalty and in common.

The defendant, who was duly appointed administrator on the estate of Brown, caused a moiety of the unsold lots and the notes and mortgages held in common, to be inventoried as the property of his intestate, and has collected $255, on the mortgages owned in common, half of which has been duly paid the plaintiff. The plaintiff has demanded the other moiety and the notes and mortgages owned in common. The defendant is willing to settle the estate according to the legal rights of all interested.

Written arguments were furnished by the counsel in this case.

*D. Perham.* 1. It is admitted, that from the joint property Brown received more than his share, which remains unaccounted for; and that the notes and securities which were in his hands at his decease, are now in the hands of the defendant. The plaintiff contends, that her equal share of what has been received, as well as of what is due, should be a charge upon the common fund, and that she should not be subjected to a dividend. In the latter event, the intestate's estate will have received more, and the plaintiff less, than the equal proportion belonging to each; in the former, each will receive their just share. Were Brown alive, he could not prevent this; and having deceased, no new rights are thereby acquired to his estate. The act of God injures no one.

2. The estate being insolvent, the creditors of Brown have no greater rights than Brown. They can claim only through him; and their claim will be only for a moiety after all charges on the common fund shall be satisfied.

3. The plaintiff, as survivor, has a right to possession of the notes and mortgages, to enable her to collect them; and when collected, she will be liable to the defendant only for the bal-

ance due after a final settlement of all moneys collected. *Wilby* v. *Phinny, Adm'r*, 15 Mass. R. 116. Both had an equal right to the possession of the common fund, while living; the survivor now has that right — and having it, may thus protect himself.

*W. Abbott, pro se.* By St. c. 51, § 25, it is provided, that all insolvent estates shall be equally divided among the creditors. Unless it can be shown that the plaintiff, at the time of the death of the defendant's intestate, had a lien upon their common property, her claim must share the fate of the claims of other creditors. This transaction was not a partnership, but a mere tenancy in common. *Harding* v. *Foxcroft*, 6 Greenl. 76; *Thorndike* v. *DeWolf*, 6 Pick. 120; *Rice* v. *Austin*, 17 Mass. R. 197; *Jackson* v. *Robinson*, 3 Mason, 138.

The notes and mortgages having been placed in Mr. Brown's hands for collection, he was liable personally, for the money thus received, upon demand; and having given a note upon settlement, any lien, if any existed, was thereby destroyed.

The personal estate of an intestate vests in his administrator, and without question, a mortgage is personal estate. 1 Williams on Ex'rs, 431. The right of a joint mortgagee devolves on his executor; the remedy survives to his companion, who will be liable to account with the executor. Ibid. 546; *Randall* v. *Phillips*, 3 Mason, 378.

It is admitted, that mutual demands existing at the time of his death, may be offset. *McDonald* v. *Webster*, 2 Mass. R. 498. But the demand of the plaintiff against the estate of Brown, and the demand against her for money collected on the mortgages after his death, are not *mutual demands*. On the death of Brown, a moiety of the mortgages uncollected vested in the defendant; and upon payment to the plaintiff, he would be entitled to half. 2 Pow. on Mort. (Rand's ed.) 671. An action may be maintained by the defendant in his own name for that proportion. *Mowry* v. *Adams*, 14 Mass. R. 327; 1 Williams on Ex'rs, 567–8. In an action by an executor in his own name to recover money due the testator, *in his lifetime*, and received by the defendant *after his death*, the defendant

cannot set off a debt due to him from the testator. *Shipman* v. *Thompson*, Willes, 103; 2 Will. on Ex'rs, 1153; *Jarvis, Adm'r*, v. *Rogers*, 15 Mass. R. 414–416.

The opinion of the Court was delivered by

SHEPLEY J. — The plaintiff, by assignment, with the consent of the intestate, has acquired the same rights, which Gardiner would have had in the joint property. The intestate and Gardiner were mortgagees of certain lots of land to secure debts due to them jointly. They could not be considered as partners; nor can the survivor claim by virtue of a lien on the securities. It was decided, in the case of *Appleton* v. *Boyd*, 7 Mass. R. 131, that a conveyance in mortgage to two persons to secure the payment of a debt jointly due to them, did not come within the statute providing, that conveyances to two or more shall be adjudged to convey estates in common, unless a different intention be therein disclosed. And of course, that they held the estate in such a case as joint tenants. In the case of *Goodwin* v. *Richardson*, 11 Mass. R. 469, while the case of *Appleton* v. *Boyd* was approved, it was decided, that the foreclosure of the mortgage operated as a new purchase, and that the grantees afterwards held the estate as tenants in common. In *Randall* v. *Phillips*, 3 Mason's R. 378, the case of *Appleton* v. *Boyd* is alluded to as having been erroneously decided, and it is there shown, that one of the reasons assigned, viz. that " upon any other construction but one moiety of the mortgaged premises would remain as collateral security for the joint debt," was founded on an erroneous view of the law. But another reason assigned was, that "as upon the death of either mortgagee the remedy to recover the debt would survive, we are of opinion, that it was the intent of the parties, that the mortgage or collateral security should comport with that remedy; and for this purpose that the mortgaged estate should survive."

It may be added, that the estate of mortgagees would not come within the mischief, which the Statute was designed to remedy. That mischief was to prevent the survivor from ac-

quiring the whole estate by the death of the other grantee. While the estate continues to be an estate in mortgage, no such result can take place, for it is only security for the debt, and the whole interest in that does not become vested in the survivor. It is the remedy only, which is vested in the survivor, who must account with the legal representative of the deceased, for his share of the debt. There are also difficulties attending the doctrine, that the mortgaged estate is held as a tenancy in common after the death of one of two mortgagees. The security for the debt would be divided, and the remedy upon it might be. The foreclosure, under different suits, might take place at different times, and the right to redeem one half expire before that of the other. There might be a difficulty in compelling the heirs of the one deceased to aid in the foreclosure ; and if they should enter and take the rents and profits of one half of the estate, there might be serious difficulties arising from their want of ability to refund, or other cause, in adjusting the rights between the mortgagor, or his assignee, and the mortgagee and heirs. The rights of the mortgagor might be protected by a process in equity, but in case the heirs were unable to pay, and had no interest in the debt, the effect would be only to throw the loss upon those entitled to the fruits of the contract secured by the mortgage. And it may often happen that the executor, or administrator may be required to appropriate these fruits in such a manner as to exclude the heirs from all beneficial interest in them. No practical inconvenience has been experienced from the construction given to the Statute in the case of *Appleton* v. *Boyd*, and none is apprehended. By it the most simple remedies are afforded, with the least liability to inconvenience and loss ; and it is not perceived, that any legal principle, or expediency requires a departure from it. The survivor, therefore, in this case, will be entitled to take possession of the mortgage securities, and from them obtain her own share of the debt secured by them ; and to recover from the administrator what he has collected on them.