By the Court, Bronsoñ, J.
This question was decided in Mauran v. Lamb, (7 Cowen, 174.) It was there held, that the real plaintiff, though not a party to the record, could not be required, without his consent, to give evidence for the defendant. In The People v. Irving, (1 Wend. 20,) it was again held, that a party in interest cannot be compelled to testify without his consent. The same doctrine was also recognized in Jackson v. Myers, (11 Wend. 537.) The cases of Appleton v. Boyd, (7 Mass. Rep. 131,) and White v. Everest, (1 Vermont Rep. 181, 2,) are to the same effect.
It can make no difference in principle, that Gardner is not the sole party in interest, but only one of several co-partners and shareholders in the bank. In The King v. The Inhab. of Woburn, (10 East, 395,) the rateable inhabitants of the parish of St. Alban were in fact, though not in form, parties to the appeal, and it was held, that one of the rateable inhabitants of the parish could not be compelled to testify.
It is said, that the rule laid down in Mauran v. Lamb, has been changed by the subsequent statute, which provides, that a witness shall not be excused from answering on the ground that the answer may establish, or tend to establish, that he owes a debt, or is otherwise subject to a civil suit. (2 R. B. 405, § 71.) The statute does not, in terms, reach this case, and should not, I think, be applied to it. It must be admitted that there is no great difference in principle between calling a party in interest, and calling a witness whose answer may charge him with a debt, or Subject him to a civil suit; but a distinction has been taken between the two cases, and it is now too late to reconsider the question. This distinction was taken in' Mauran v. Lamb, (7 Cowen, 174,) and the authority of that case has been recognized since the statute was passed, though the statute was not mentioned. (Jackson v. Myers, 11 Wendell, 537. And see Cowen & Hills Notes to Phil. Ev. 740, 1.) It may be added, that the case of Mauran v. Lamb, where the distinction was stated, was before the *588 legislature at the time the statute was passed—it having .been cited in the notes of the revisers; and had it been intended to change the rule laid down in that case—that the party in interest cannot be called without his consent—more appropriate language would have been used to effect that object.
Our statute is substantially the same as that of 46 Geo. 3, c. 37, which was enacted after the discussion which arose on the impeachment of Lord Melville, where the chancellor and eight, against four, of the judges, were of opinion that, at the common law, the witness was bound to answer although it might subject him to a civil suit. (1 Phil. Ev. 277. 1 Hall’s Am. Law Jour. 223.) This should probably be regarded as a declaratory statute, rather than one introducing a new rule. (See Cowen Hill’s Notes to Phil. Ev. 740.) But however that may be, the distinction between calling the party, in interest, and a witness whose answer may subject him to a civil suit, was maintained in the subsequent case of The King v. The Inhab. of Woburn, (10 East, 395.) It was there held, that the English statute had not changed the rule that the party in interest, though not in form a party to the record, was not obliged to answer.
If this were a new question, I should be inclined to the opinion that any. one not a party to the record might be required to answer; but the rule, as to a'party in interest, is settled the other way.
New trial denied.