## BANK OF OLDTOWN *versus* JAMES HOULTON.

In an action brought by a banking corporation, in the corporate name, if the defendant calls one of the stockholders of the bank as a witness, he may legally refuse to testify in the case. — SHEPLEY J. dissenting.

The interest of the witness as a stockholder may be proved by his statements on the *voir dire,* without producing any other evidence thereof.

ASSUMPSIT by the plaintiffs, in their corporate name, upon a promissory note dated Oct. 4, 1838. The general issue was pleaded, and a brief statement was filed, alleging that the charter of the bank had been annulled.

At the trial before TENNEY J. the note was read, and the defendant introduced a resolve of the legislature of the State, passed March 20, 1839, providing for the repeal of the charter of the bank, and reserving to the bank the right of closing up their concerns.

The defendant thereupon moved that a nonsuit should be directed. The presiding Judge declined to order a nonsuit.

The defendant then called Jefferson Sinclair as a witness, and the report states, that " on the *voir dire,* he testified that a writing on the back of the note was his handwriting, and that he signed the same, and that he was a stockholder in the bank, which last fact was objected to by the defendant's counsel, there being better evidence thereof. The objection was overruled. The witness declined answering questions put to him by the defendant's counsel as he was a party. The defendant's counsel offered to prove by him, if the Court should direct him to testify, that this note was assigned by Jefferson Sinclair, as appears on the back, about the time but before the action was brought, for collateral purposes; that those purposes had been accomplished; that this action was prosecuted in the name of the bank for the benefit of the Suffolk Bank; that the object for which it was assigned to the Suffolk Bank having been accomplished, the note, by an arrangement between Sinclair, as the agent of the Oldtown Bank, and the Suffolk Bank, should be returned to Sinclair; and that Sinclair informed the defendant's counsel, that if the note was returned

to him, as it should be, he would dismiss the suit." The presiding Judge " declined to direct the witness to testify after his refusal, whereupon the defendant was defaulted." " If in the opinion of the whole Court the presiding Judge ought to have given the directions as above requested, or either of them, or if the fact that Sinclair was a stockholder was improperly shown by his own testimony, the default is to be stricken off."

*Hobbs*, for the defendant, submitted the case without argument.

*M. L. Appleton*, for the plaintiffs, cited 7 Cowen, 174; 1 Wend. 20; 7 Mass. R. 131; 1 Hill, 586; 14 Maine R. 142; 7 Greenl. 51.

The opinion of a majority of the Court, SHEPLEY J. dissenting and giving his reasons therefor, was drawn up by

WHITMAN C. J. — The rule of the common law, as to the obligation of witnesses to testify in cases in which their interest may be involved, may be considered as embraced in the statute of the 40th Geo. 3d, which enacts, that a witness cannot legally refuse to answer any question, relative to the matter in issue, merely on the ground that the answer may establish, or tend to establish, that he was a debtor or otherwise subject to a civil suit. The witness, Sinclair, in this case, was not in either of these predicaments. He was a party in interest in the [very suit then pending. The corporation was in effect his trustee, and he was its *cestui que* trust.

A Banking Corporation is but a modified joint stock copartnership, having authority by law to carry on business by an artificial name, instead of the names of the individual corporators. Mr. Justice Putnam, in delivering the opinion of the Court in *Wright* v. *Dame & al.* 1 Metc. 237, remarks, that " the Court cannot but see, that the name of a corporation is but the name, which the individual members of the corporation have taken or accepted. The corporators themselves are really the persons interested." If individually named, it is clear, that the adverse party could not call upon either of them to testify. How does the case differ when they are allowed to sue

by an artificial name, comprising the same persons? Because the declarations or admissions of the individual members of such corporations cannot be given in evidence forms no test. The reason of that rule is that they have, by becoming a corporate body, come into a compact, that their concerns shall be under the control of the major vote of the members. Their acceptance of an act of incorporation, making such a regulation, forms the compact. To allow the declarations or admissions of any one of the associates, not being an agent for the purpose, to control the interest of the whole would contravene the fundamental principle upon which they were bound together. Formerly the inhabitants of our towns and parishes were inadmissible as witnesses in causes in which they were concerned; and they could not have been compelled to testify against their respective towns or parishes. *The King* v. *the Inhabitants of Woburn*, 10 East, 395. By statute they are now made competent as witnesses, and may be compelled to testify by either party. In *Hamblin* v. *Fitch*, Kirb. 174, it was held, that the admission of a party in interest could not be given in evidence against the party on record. This rule, however, is doubtless subject to some qualifications.

In *Appleton* v. *Bond*, 7 Mass. R. 131, C. J. Parsons, in delivering the opinion of the Court, laid down the law to be, that a party in interest, though not of record, could not be compelled to give evidence. In *Mauran* v. *Lamb*, 7 Cow. 174, the same doctrine is recognized as established law. In the *People* v. *Irving*, 1 Wend. 20, Mr. Justice Sutherland says, where persons called on to testify allege, under oath, that they are the parties in interest, and entitled to the subject matter in controversy, if they do not consent, they cannot be compelled to testify. In *Cook & al.* v. *Spaulding & al.*, 1 Hill, 586, a banking institution was the plaintiff in interest, though not so of record, and it was held that one of the corporators could not be compelled to testify as a witness for the defendant. Mr. Justice Bronson, in delivering the opinion of the Court in that case, says, " the distinction between calling a party in interest as a witness, whose answer may subject him to a civil

suit was maintained in the case of the *King* v. *The Inhabitants of Woburn.* It was there held, that the English Statute had not changed the rule, that the party in interest, though not in form a party to the record, was not obliged to answer."

It is believed to be well settled at law, that a *cestui que trust* can in no case be compelled to testify in a suit against his trustee in reference to the trust property. Professor Greenleaf, in his treatise on evidence, § 353, says, "the rule which excludes the party to the suit from being admitted as a witness, is also a rule of protection." Nor, says he, "can one who is substantially a party to the record be compelled to testify though he be not nominally a party."

Surely, it would seem, that the corporators of banks are substantially the parties in interest. Suppose one individual owns nearly the whole of the capital of the bank, and such instances have often occurred, if a suit be commenced in the corporate name, can he be compelled at law to testify against the interest of the institution ?

It is true that in *Bull* v. *Loveland,* 10 Pick. 9, and in *Doolittle* v. *Dwight & al.* 2 Metc. 561, Mr. C. J. Shaw may seem to lay down the law somewhat at variance with the foregoing propositions. But those two cases may be regarded as not actually presenting the precise point raised in this case. Here the witness was substantially a plaintiff in interest. In the case of *Bull* v. *Loveland* a witness was called upon to produce a note, given by the defendant to the plaintiff, upon which the suit was commenced, and which the witness claimed to have a right to retain ; and in which suit certain property had been attached, to which the witness and others made claim. The witness in that case was neither the plaintiff or defendant in interest. His interest was wholly collateral. The Court considered him as having a right to retain the note ; and the suit was defeated. Mr. C. J. Shaw, nevertheless, controverts the opinion of the Court in the case of *Appleton* v. *Boyd ;* and it may well be admitted that the opinion therein expressed, by C. J. Parsons, was too general, as seemingly embracing every kind of interest, which a witness might have in the event of a suit ;

and therefore was not an authority in point in the case of *Bull* v. *Loveland.* But had the witness in that case caused the suit to be commenced for his own benefit in the name of Bull, claiming to be the owner of the note, and to have a right to the proceeds of a judgment, recovered upon it, it is not reasonable to suppose that the defendant could have compelled him to testify in the cause. His interest, then, would have been direct, and not contingent or eventual.

In *Doolittle* v. *Dwight & al.* Mr. C. J. Shaw says, " he (the witness) was compellable to testify, interest or no interest ; nor could he there set up any claim of his own ; or object to the plaintiff's suit or right to recover. He was no party to the suit, and had no power to offer plea, or make proof, or do any thing but testify." In that case the plaintiff was endeavoring to recover a sum of money on a promise made to the plaintiff, to the one half of which the witness, if the plaintiff recovered, might set up an equitable claim. The promise not being made to the witness ; and the suit not being instituted by him, or by his procurement, and over which he had no control, he could not refuse to testify." The condition of Sinclair, in the case at bar, was different. The suit was commenced for him and others, in their corporate name to recover a sum due to them. If one of them might have been compelled to testify, by the same rule they all might ; and a spectacle would be presented, in which all the actual parties plaintiff might be compelled to testify in their own cause ; a case which has never occurred in the case of private monied corporations, and which it may be believed never can occur.

The manner in which the interest of the witness in this case was disclosed was not objectionable.

*Judgment on the default.*

SHEPLEY J. — A party to the suit cannot be required to testify. Nor can the party or parties in interest. One who does not sustain either of these relations, although interested in the event of the suit, may be required to testify, if called by

the opposing party. These positions are established by cases too numerous to be cited.

Was the witness in this case a party to the suit? That was instituted by a private corporation created by statute with the name of the President, Directors and Company of the Bank of Oldtown; and in the corporate name. The acting president and directors do not become parties to a suit by the use of the corporate name. The body corporate is in such cases the party and the only party to the suit. No one of the corporators thereby becomes a party. One is not a party to a suit because he may be more or less interested in the event of it. The inhabitants included in *quasi* corporations have been regarded as parties to suits instituted in their names. And it was upon the ground, that he was a party to the suit, that the witness was excused from testifying in the case of the *King* v. *the inhabitants of Woburn*, 10 East, 395. And not upon the ground, that he was a party in interest. Lord Ellenborough was answering the objection, " that the inhabitant proposed to be called was not a party to the proceeding," when speaking of the inhabitants of the parish, as " the parties grieved," and as " immediately interested in the event of the proceeding," to prove, that the inhabitants of the parish were in reality parties to the proceedings, although the appeal was made by the church wardens and overseers of the poor. The case having been presented, as was remarked in the argument before that Court, in the name of the King, was sufficient to show, that in such statute proceedings the name on the record might not disclose the real parties to the suit. Accordingly it is said in the case of *Cook* v. *Spaulding*, 1 Hill, 586, " In the *King* v. *the inhabitants of Woburn*, the rateable inhabitants of the parish of St. Albans were in fact though not in form parties to the appeal." Whatever difficulties there may be in such cases in determining, who are the parties to the proceedings, there can be none in determining, who is the party plaintiff in a suit at law commenced by a private corporation in the corporate name.

If the witness was not a party to the suit, was he according to the legal phrase a party in interest? Not every one, who may be more or less interested in the event of the suit is in law considered as a party in interest. If it were so, a corporation or an individual might be careful to have all those, who could testify against it, so far interested as to deprive the other party of their testimony. The phrase party in interest has a more limited and definite signification. The party in interest is that person, who is really interested in the result, and who can control and discharge the suit. And when the subject matter of the suit is the property of two or more persons, who can control and discharge it, they are the parties in interest. In such cases, although they cannot be required to testify, their mouths are not absolutely closed against a discovery of the truth, for their declarations may be introduced as testimony for the opposing party. The declarations of corporators cannot be thus introduced to affect the rights of the corporation, and if they were regarded as parties in interest, there would be no mode, by which the truth could be extracted from them in relation to the corporate conduct and rights. But they cannot be legally so regarded; for they cannot control, or discharge the suit; or affect it in the least degree. The whole of the corporators could not do this without proceeding according to the laws of the corporation to make their will become the will of the corporation, to be exhibited there in some legal form. They may or may not be persons deeply interested in the event of the suit. But it is too well settled to be longer the subject of controversy, that if so interested against the party calling them, they cannot refuse to testify. In the case of *Cook* v. *Spaulding*, 1 Hill, 586, it was not a body corporate, but " a partnership or unincorporated banking association," assuming the name of the Niagara Suspension Bridge Bank, for whose benefit the suit was brought; and the decision was, that one of the members of the partnership, which was the party in interest, could not be required to testify. He might have discharged the suit, and his declarations might have been introduced as testimony for the opposing party. It is believed, that no case

can be found, in which one has been regarded as a party in interest, who does not stand in this relation to the suit.

Note by the Reporter. — See *Lowney* v. *Perham*, 2 Appleton, 235.