### ERASTUS WEBSTER *vs.* STEPHEN W. VANDEVENTER.

The assignment of a mortgage to two persons as trustees of an unincorporated society vests the title in them as joint tenants.

The abandonment of a trust by one of two trustees who are joint tenants does not vest his title in the remaining trustee, without deed or legal process.

One joint tenant cannot alone maintain a writ of entry on the Rev. Sts. *c.* 107, to foreclose a mortgage, notwithstanding the Rev. Sts. *c.* 101, §§ 10, 11.

Nonjoinder of a joint tenant as plaintiff in a writ of entry to foreclose a mortgage may be taken advantage of under the general issue, since *St.* 1836, *c.* 273.

WRIT OF ENTRY to foreclose a mortgage of land, made by the defendant to Albert Morgan, and by him assigned to the plain-

tiff and Harvey Lyman, " trustees of the society of Shakers in Enfield, Connecticut," " and their successors and assigns." Plea, *nul disseisin.*

At the trial in this court, the defendant objected that by this assignment the title vested jointly in the plaintiff and Lyman, and therefore this action could not be maintained. To which the plaintiff replied, 1st. That this objection was not open to the defendant under his plea; 2d. That the assignment was to the plaintiff and Lyman in their official character of trustees of the society of Shakers in Enfield, and Lyman had ceased to be such. And to sustain this last position, he introduced evidence that Lyman, since said assignment, " had left said society, and had removed to Springfield, and engaged in business on his own account, and executed a receipt in full of all demands against said society, receiving a large sum of money in consideration of his claims." The defendant objected to the competency and sufficiency of this evidence. There was no evidence that the society was a corporation.

*Dewey,* J. ruled that upon the pleadings and evidence in the case the action might be maintained by the plaintiff alone, and reserved the question for the full court.

*J. Wells,* for the defendant.

*N. A. Leonard,* for the plaintiff.

METCALF, J. Two or more joint mortgagees are joint tenants, and not tenants in common, of the mortgaged lands. So, doubtless, are two or more assignees of a mortgage, especially if the mortgage is assigned to them as trustees of a third party. Co-trustees are joint tenants. *Appleton* v. *Boyd,* 7 Mass. 131. Hill on Trustees, (2d Amer. ed.) 441, 442. Rev. Sts. *c.* 59, § 11. On the death of one trustee, the survivors succeed to the rights and remedies to which all of them were before jointly entitled. But a mere abandonment or mismanagement of a trust, by one trustee, does not devest his legal interest in the trust property and transfer it to the other trustees. Such transfer can be made only by deed, or by some legal process. Lyman, therefore, remains a trustee in joint tenancy, and should join in an action to foreclose this mortgage, unless our revised statutes authorize

Webster to sue alone; for, by the common law, joint tenants must jointly implead.

By the Rev. Sts. *c.* 101, §§ 10, 11, " persons claiming the same premises as joint tenants, tenants in common, or coparceners, may all join, or any two or more of them may join, in a suit for the recovery thereof, or any one may sue alone for his particular share, and may recover any specific part of the premises, or any undivided portion thereof, to which he shall prove a sufficient title, though such part or portion is less than is demanded in the writ." These provisions merely authorize a new mode of severing joint tenancies, which before might be severed, at the will of either tenant, by partition, or by alienation of his purparty, which the alienee would hold as a tenant in common. 2 Bl. Com. 185. *Shaw* v. *Hearsey,* 5 Mass. 522. But we are of opinion that these provisions are not applicable and were not intended to apply to the actions which are prescribed by the Rev. Sts. *c.* 107 for the foreclosure of mortgages. The writs prescribed in that chapter are not termed writs of entry, as in *c.* 101, but by § 3 of *c.* 107, the mortgagee, " in an action for possession, may declare on his own seisin, as in a writ of entry ; " and by §§ 7, 8, " an action for possession may be brought, by any assignee of the mortgage, in the same manner as a writ of entry." Nor are the parties termed demandant and tenant, as in *c.* 101, but are termed plaintiff and defendant. What, however, is more decisive, the judgment, in an action for foreclosure of a mortgage, is required to be conditional, to wit, that the plaintiff have possession of the mortgaged premises, unless the defendant, within two months after the judgment, pay the sum due on the mortgage. The whole mortgaged premises, and not a part or portion thereof, are to be recovered, unless the whole sum is paid that is due on the mortgage at the time when judgment is rendered. It is manifest that a severance of the joint tenancy of mortgagees cannot be effected by the process for foreclosure which is provided in *c.* 107 of the revised statutes.

The plaintiff objected, at the trial, that the defendant was estopped, by the plea which he had filed at a former term, to make this objection of nonjoinder. That plea was *nul dis-*

*seisin;* and we suppose the objection to be, that nonjoinder of a joint tenant, as demandant in a real action, can be excepted to only by plea in abatement. We have not found any satisfactory evidence that this is a rule of the English common law. The books cited by counsel, in *Dewey* v. *Brown,* 2 Pick. 388, to show that such is the rule, do not show it. And the most that we find is, that in actions of trespass *quare clausum fregit,* &c. such nonjoinder must be pleaded in abatement, as it must be in actions of tort generally, when the property injured is owned by more than one person. *Stowel's case,* Mo. pl. 660. *Deering* v. *Moor,* Cro. Eliz. 554. *Putney* v. *Lapham,* 10 Cush. 234. *Phillips* v. *Cummings,* 11 Cush. 469. In Stearns on Real Actions, (1st ed.) 463, there is a form of such plea, framed in the manner in which it is said, in Thel. Dig. lib. 11, *c.* 27, § 1, such a plea was made in a writ of entry. Judge Jackson was of opinion that nonjoinder of a joint tenant, as demandant, might now be pleaded in bar, though in ancient times it was pleadable in abatement; and he was also of opinion that there was no reason why it ever should have been pleaded in abatement, nor why, if the nonjoinder appeared in evidence, on the general issue, the demandant should not be nonsuited. Jackson on Real Actions, 22, 57, 68. See also 1 Amer. Jurist, 202 *& seq.* If it might have been pleaded in bar, before *St.* 1836, *c.* 273, abolished special pleas in bar, it may, since that statute, be given in evidence under the general issue.

But if we had found that, by the rule of the common law, this nonjoinder must have been pleaded in abatement, in the real actions, or any of them, which were formerly in use in England, yet we should not apply that rule to this statute action, brought to foreclose a mortgage, and in which, as before stated, the judgment must be for the recovery of all that is demanded, unless the whole mortgage debt is paid. One joint tenant ought not to recover the whole land; Jackson on Real Actions, 69; and when the subject of a suit is entire, a part thereof cannot be recovered. Co. Lit. 195, 197. *Hart* v. *Fitzgerald,* 2 Mass. 509. By a practice established in Connecticut, one of several joint owners of real estate may recover the whole, in

ejectment, against a defendant who has no title, and will hold it, when recovered, as well for the other owners as for himself. But Chief Justice Reeve admits that "this is not the rule of the common law of England." *Bush* v. *Bradley,* 4 Day, 303, 304. And it has been decided that one of several joint owners of a chattel may maintain an action of detinue for it, against a defendant who has no right to it, unless the nonjoinder of the other owners be pleaded. *Broadbent* v. *Ledward,* 11 Ad. & El. 209, and 3 P. & Dav. 45. These cases, however, furnish no authority for the maintenance of the present action, in which the defendant has important rights in the premises demanded. He is not a mere wrongdoer.

This statute action takes the place of a bill in equity to foreclose. *Stewart* v. *Clark,* 11 Met. 389. *Palmer* v. *Fowley,* 5 Gray, 547. In such a bill, all the parties to the mortgage must be brought before the court. Fisher on Mortg. 207. 1 Dan. Ch. Pract. 260. Story Eq. Pl. § 201. In *Lowe* v. *Morgan,* 1 Bro. C. C. 368, Lord Thurlow said it was impossible for one of three joint tenants to foreclose a mortgage without making the other two parties. And in *Palmer* v. *Earl of Carlisle,* 1 Sim. & Stu. 425, Sir John Leach said there could be no foreclosure or redemption, unless the parties entitled to the whole mortgage money were before the court.

During the existing legal relation of the assignees of this mortgage, this action cannot be maintained by Webster alone. It may therefore stand over for the purpose of having Lyman, the other joint tenant, made a plaintiff. If he shall refuse to proceed in the action, the court, if called on, will take such measures as justice may demand and the law warrant.