OSMOND F. PARK, executor, *vs.* PHILIP S. PARKER, trustee.

Suffolk. December 4, 1913. — January 9, 1914.

Present: RUGG, C. J., HAMMOND, BRALEY & DE COURCY, JJ.

*Joint Tenants and Tenants in Common. Mortgage,* Of real estate.

Where three persons, who owned a parcel of land as tenants in common, conveyed it to a purchaser who gave them a promissory note payable to their order and secured by a mortgage on the land, and the three then died at different times and the amount due on the note was paid to the executor of the will of the one who died last, who thereupon discharged the mortgage, such executor cannot retain the whole of the money as property of the survivor, but must account for it in equity to the representatives of the two other payees, because, in spite of the exception of mortgages in R. L. c. 134, § 6, the title of the mortgagees must be held to have been that of tenants in common and not of joint tenants.

RUGG, C. J. In June, 1899, Caroline P. Gilham, William D. Park and Thomas C. Park, conveyed a tract of land in Boston, which they owned as tenants in common, to one Pihlcrantz, who gave a promissory note payable to the grantors, secured by a mortgage on the same real estate. The payees of the note have died, Thomas C. Park in 1904, William D. Park in 1908 and Caroline P. Gilham in 1910. In 1911 the note was paid to the executor of the will of Caroline P. Gilham and the mortgage was discharged. This is a bill in equity by him for instructions as to what shall be done with this money.* He contends that the

---

* The bill was filed in the Probate Court on February 28, 1912, and was heard by *Grant*, J., who made a decree "That all right, title, and interest of William D. Park in the Pihlcrantz mortgage and note ceased at the death of the said William D. Park, and that Caroline P. Gilham, the last surviving joint mortgagee, became the owner of the entire proceeds of said mortgage and note at the death of the said William D. Park by right of survivorship; that the respondents have no right, title, or interest in or to the said mortgage and

entire sum belongs to the Gilham estate, on the ground that the note was a joint one and that the mortgage was held by the three mortgagees as joint tenants and not as tenants in common, and that hence it all vested in Caroline P. Gilham as the last survivor of the three. This contention is the only question presented on the record.

One of the several promisees of a negotiable instrument payable to two or more jointly may receive payment and cancel or surrender the note. *Bruce* v. *Bonney,* 12 Gray, 107, 111. Hence, the payment by the maker to the survivor of the joint payees was proper and discharged his obligation. In actions at law it has been held that although, since St. 1785, c. 62, § 4, (now R. L. c. 134, § 6,) conveyances to two or more persons are to be interpreted as creating estates in common, yet mortgages were excepted so that in a grant by mortgage to two or more persons to secure a joint debt, there is survivorship in the event of the death of one. *Appleton* v. *Boyd,* 7 Mass. 131. That was a case where the payees of the note and the mortgagees were partners, and this circumstance is adverted to as of importance in *Lowell, appellant,* 22 Pick. 215, 221, 222, and *Earle* v. *Wood,* 8 Cush. 430, 448. The same relation existed between the payees of the note in *Goodwin* v. *Richardson,* 11 Mass. 469: see also *Norton* v. *Leonard,* 12 Pick. 152, 157, *Webster* v. *Vandeventer,* 6 Gray, 428, and *Hoag* v. *Hoag,* 213 Mass. 50. Some of these cases were explained in *Ewer* v. *Hobbs,* 5 Met. 1, at 3, where it was said by Chief Justice Shaw:

"In an early case in Massachusetts, it was held by Chief Justice Parsons, that where a mortgage was made to partners, in such form as would ordinarily create a tenancy in common in other grantees —inasmuch as it was designed to secure a joint debt, which, in case of the decease of one partner, would vest in the survivor for the purpose of collection, and subject to the partnership debts — the estate should be held to be a joint tenancy, in order

---

note, or the proceeds thereof, and that the petitioner, Osmond F. Park, as executor under the will of Caroline P. Gilham, the last surviving joint mortgagee, named in said mortgage, is the owner of the whole of the proceeds of said note and mortgage, and is not accountable to the estate of William D. Park for any part of said note and mortgage, or the proceeds thereof."

Philip S. Parker, trustee under the will of William D. Park, appealed. The case was reserved by *Braley,* J., upon the bill and answer for determination by the full court.

that by the principle of survivorship, applicable to that tenure, the real security might accompany the debt. *Appleton* v. *Boyd,* 7 Mass. 131. This doctrine was earnestly opposed by Mr. Justice Story, in the case of *Randall* v. *Phillips,* 3 Mason, 378, who insisted that such mortgage, so far as it operated as a transfer of the legal estate, was to be construed a tenancy in common, and not a joint tenancy. But at the same time he maintained, that on the death of one partner, the heirs of the deceased would take a moiety, charged with an implied trust to hold for the survivor, as security for the debt. And in *Goodwin* v. *Richardson,* 11 Mass. 469, the opinion of the court, given by Mr. Justice Jackson, was, that although a mortgage to partners, to secure a joint debt, might be deemed a joint tenancy, until foreclosure, yet the new absolute estate, vested in the mortgagees by foreclosure, was to be considered as a tenancy in common. It seems, therefore, that whatever difference of opinion there may seem to be, among our eminent jurists, on this subject, is a difference as to the technical mode of the operation of the conveyance; but they all concur in the proposition, that it is to be so construed, as most effectually to form an indissoluble connexion between the estate and the debt, and make the land subject to the debt, in whatever legal form it may pass, or into whose hands soever it may come."

In *Gilson* v. *Gilson,* 2 Allen, 115, at 117 it was said that these statutory provisions "have excepted mortgages from the broad provision that all conveyances made to two or more persons shall be construed to create estates in common and not in joint tenancy. But this provision only operates to leave open the inquiry in each particular case as to the character of the mortgage." *Donnels* v. *Edwards,* 2 Pick. 617. The strong inference, if not the express decision, of *Blake* v. *Sanborn,* 8 Gray, 154, is that mortgagees, although joint tenants in form, are nevertheless, as between each other, bound to account according to the real nature of their respective rights. *Boland* v. *McKowen,* 189 Mass. 563, was an action at law discussed and decided on grounds arising out of a tenancy by the entirety.

This is a proceeding in equity and is governed by equitable principles. Joint tenancy and its doctrine of survivorship are not in harmony with the genius of our institutions, nor are they much favored in law. *Burnett* v. *Pratt,* 22 Pick. 556. It appears to be

the general rule in equity that where money is lent by two persons, they are regarded presumptively as tenants in common and not as joint tenants both of the debt and of the collateral or lien taken to secure it. It was said in *Morley* v. *Bird*, 3 Ves. 628, at 631, that "though they take a joint security, each means to lend his own and take back his own." This is the doctrine of ancient and modern decisions in chancery. *Petty* v. *Styward*, 1 Ch. Rep. 31. *Rigden* v. *Vallier*, 2 Ves. Sr. 252, 258. *Robinson* v. *Preston*, 4 Kay & J. 505, 511. *Steeds* v. *Steeds*, 22 Q. B. D. 537, at 541. *Powell* v. *Brodhurst*, [1901] 2 Ch. 160, 164. *Duncan* v. *Forrer*, 6 Binn. 193. It was adopted by Mr. Justice Story in *Randall* v. *Phillips*, 3 Mason, 378, 387. There is really nothing inconsistent with this in *Matson* v. *Dennis*, 10 Jur. (N. S.) 461, which related solely to a question of title to real estate.

In the case at bar the original payees of the note and grantees in the mortgage had been tenants in common of the real estate, and their shares were equal. The presumption is strong that they expected the note to stand in the place of the land they had sold, with like proportional interest in each. It is unlikely that as between themselves they intended that a relation so different and so speculatively uncertain in its nature as joint tenancy should be substituted for the plain and definite equal ownership of tenants in common. There is no evidence tending to show that purpose. In equity it is not to be imposed upon the parties in the absence of anything to indicate that they understood that any such situation was being created. When the note, to which the mortgage was security, has been paid in full, and in a sense stands in place of the land of which the payees were tenants in common, there is no rigid rule of law which requires the principle of joint tenancy to apply to the money. The effect of *Appleton* v. *Boyd*, 7 Mass. 131, does not go to this extent.

It follows that the money in payment of the note received by the executor of the Gilham will must be accounted for by him to the other two payees of the note. This being so, the death of Thomas C. Park in California in 1904 did not divest his estate of an interest in the proceeds of the note.

*Decree reversed.*

*W. Rand*, for the defendant.
*J. F. Farrell*, for the plaintiff.