MARY BERTOLAMI *vs.* RICHARD CORSI, administrator.[1] No. 88-P-775. May 12, 1989. *Mortgage*, Real estate. *Joint Tenants. Tenants in Common.*

The case was presented for decision to the Probate Court on a statement of agreed facts and evidence. Those facts, in summary, are as follows. Mary Bertolami, Richard Corsi and Mario Corsi were joint tenants of a certain parcel of real property. They conveyed the property to a purchaser who, in turn, executed a promissory note, secured by a mortgage, to them for a portion of the purchase price. Neither the note nor the mortgage indicates whether ownership by the three was as tenants in common or joint tenants. After Mario Corsi's death, the administrator of his estate, assuming that the note and mortgage were held as tenants in common, included certain payments on the note, made subsequent to Mario Corsi's death, as assets of his estate. Mary Bertolami intervened, claiming that the note and mortgage were held by the three as joint tenants and that those payments were, consequently, owned by the surviving joint tenants. The Probate Court agreed with the estate and this appeal followed.

The statement of agreed facts and evidence is devoid of any facts which would conclusively settle the issue of the manner in which the three parties intended to hold their respective interests in the purchase money mortgage and the promissory note secured thereby. Both parties, and the judge, relied, to some degree on *Park* v. *Parker*, 216 Mass. 405 (1914), to support their respective positions. In *Park*, land owned by three individuals as tenants in common was conveyed in exchange for a promissory note payable to the three grantors. The note was secured by a purchase money mortgage. Neither the note nor the mortgage stated the form of ownership. All three mortgagees subsequently died. The court considered whether the note was held by the three mortgagees as joint tenants or as tenants in common.

---

[1] Of the estate of Mario Corsi.

Resolution of the question would decide whether the proceeds properly belonged to the last living survivor of the three mortgagees or to all three of their estates in equal shares.

The court in *Park* concluded that the monies were not joint property but belonged to the three estates. After reviewing some of the earlier and conflicting Massachusetts decisions on this subject, the court stated the following:

> "This is a proceeding in equity and is governed by equitable principles. Joint tenancy and its doctrine of survivorship are not in harmony with the genius of our institutions, nor are they much favored in law. . . . It appears to be the general rule *in equity that where money is lent by two persons, they are regarded presumptively as tenants in common and not as joint tenants both of the debt and of the collateral or lien taken to secure it.* . . .
>
> In the case at bar the original payees of the note and grantees in the mortgage had been tenants in common of the real estate, and their shares were equal. *The presumption is strong that they expected the note to stand in the place of the land they had sold, with like proportional interest in each.* It is unlikely that as between themselves they intended that a relation so different and so speculatively uncertain in its nature as joint tenancy should be substituted for the plain and definite equal ownership of tenants in common. There is no evidence tending to show that purpose. In equity it is not to be imposed upon the parties in the absence of anything to indicate that they understood that any such situation was being created. *When the note, to which the mortgage was security, has been paid in full, and in a sense stands in place of the land of which the payees were tenants in common, there is no rigid rule of law which requires the principle of joint tenancy to apply to the money.*" (Emphases added.) *Id.* at 407-408.

The appellee (John E. Corsi, an heir at law of Mario Corsi) and the judge rely on the emphasized language in the first paragraph to assert that mortgagees at common law are presumed to hold their interests in common. The appellant relies on the emphasized presumption in the second paragraph to assert that the mortgage in this case partakes of the joint tenancy characteristics of the land that it secures.

There appears to be no clear common law rule that a mortgage to two or more persons is always to be regarded as creating a tenancy in common in the absence of an indication to that effect in the mortgage or on the note which it secures. Mortgages are specifically excluded from the effect of G. L. c. 184, § 7, which establishes a rule that all conveyances create an estate in common and not a joint tenancy unless expressly so stated. Apart from the *Park* decision, the appellee has not identified any decision or other authority which creates a presumption of a tenancy in common in mortgages.

Some early authority has held that "[w]hen a mortgage is made to two or more, the mortgagees will take as joint tenants, if the mortgage is given to secure a debt due to them jointly . . . ." Swaim, Crocker's Notes on Common Forms, § 487 (7th ed. 1955). See *Appleton* v. *Boyd*, 7 Mass. 131, 134 (1810); *Burnett* v. *Pratt*, 22 Pick. 556, 557 (1839); *Blake* v. *Sanborn*, 8 Gray 154, 155 (1857); *Gilson* v. *Gilson*, 2 Allen 115, 117 (1861). The legislative provision excluding mortgages from the purview of G. L. c. 184, § 7, "only operates to leave open the inquiry in each particular case as to the character of the mortgage." *Gilson* v. *Gilson*, 2 Allen at 117. The cases thus affirm the principle that there is no clear common law presumption favoring a tenancy in common in unspecified mortgages. See, e.g., *Gilson* v. *Gilson*, 2 Allen at 117; *Park* v. *Parker*, 216 Mass. at 407.

The decisive fact in this case is that the parties chose to hold title to the land as joint tenants. The *Park* case stands for the proposition that, in the absence of any other evidence of the parties' intent, the incidents of ownership the parties maintained over the land attach to the purchase money mortgage received upon its sale. Put differently, "[t]he presumption is strong that [the parties] expected the note to stand in place of the land they had sold" and intended a joint tenancy. *Park* v. *Parker, supra*. Authority which generally supports this conclusion is noted in the margin.[2] There is nothing to overcome the presumption in this case.

The decree is reversed. A new decree is to enter declaring that the mortgagees in the mortgage given by Stephen Meyers to Richard Corsi, Mario Corsi, and Mary Bertolami held title to the mortgage (and its proceeds) as joint tenants, and that the payments on the accompanying note, paid into the estate of Mario Corsi, are held by the estate on account for the surviving joint owners.

*So ordered.*

*Kevin Hern, Jr.*, for the plaintiff.
*Maryann Collins* for John E. Corsi.

---

[2] See *Osborne* v. *Martha's Vineyard R.R.*, 140 Mass. 549 (1886) (three plaintiffs bought iron rails and jointly undertook to sell the rails to defendant; as they voluntarily assumed joint ownership of the property sold, they jointly owned the promissory note exchanged therefor); *Boland* v. *McKowen*, 189 Mass. 563 (1905) (note and mortgage payable to husband and wife securing real estate held in tenancy by the entirety belongs to husband and wife in entirety and on death of one passes to the survivor); *Pineo* v. *White*, 320 Mass. 487 (1946) (interest in mortgage taken is determined by the common law; mortgage to husband and wife jointly creates a tenancy by the entirety, and the note and mortgage belong to the wife alone upon the death of the husband); *Campagna* v. *Campagna*, 337 Mass. 599 (1958) (petitioners' interest in the proceeds of mortgage note and any balance thereon is same as interest in the real estate that was subject of the mortgage); *Ronan* v. *Ronan*, 339 Mass. 460 (1959) (taking by Commonwealth did not destroy tenancy by the entirety and proceeds, representing equity of redemption, stand on same footing as realty condemned which was held as a tenancy in the entirety); *Smith* v. *Tipping*, 349 Mass. 590 (1965) (proceeds of the sale of real estate held by the entirety are personal property held by the entirety); *Regnante* v. *Baldassare*, 15 Mass. App. Ct. 718 (1983) (insurance proceeds of the destruction of a building owned by the entirety remains an asset by the entirety).