FENECIA L. CAMPAGNA *vs.* THEMISTOCLES V. CAMPAGNA.

Suffolk. November 4, 1957. — May 21, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, COUNIHAN, & WHITTEMORE, JJ.

*Husband and Wife,* Trust, Gift, Property. *Trust,* What constitutes. *Gift. Probate Court,* Findings by judge, Decree, Parties. *Tenants by the Entirety. Real Property,* Tenancy by the entirety. *Personal Property,* Tenancy by the entirety.

Upon appeal from a decree of a Probate Court with a report of the evidence but no report of material facts, the decree imported a finding of every fact essential to support the judge's conclusion. [601]

Reported evidence in a suit in equity by a wife against her husband did not permit a conclusion that a trust had been created for her benefit in money earned by her from her dental practice during twenty-five years of their marriage and turned over to him, who mingled it with money he received from his medical practice, paid the bills incurred in her dental practice and their household, family and personal expenses, and deposited surplus funds in savings banks or invested them. [603]

Evidence reported in a suit in equity by a wife against her husband did not disclose that she had any interest by gift in money which he deposited in joint accounts in their names in savings banks or invested in government bonds standing in their joint names or in a jointly held note. [603–604]

A decree that a wife is living apart from her husband for justifiable cause does not change a tenancy by the entirety in their real estate to a tenancy in common. [605]

Payments on a real estate mortgage note held in the names of husband and wife as tenants by the entirety should be made to the husband and held by him for the benefit of himself and his wife as tenants by the entirety, whereby he would have the usufruct of the money during their joint lives and upon the death of either the survivor would be entitled to all the money. [605–606]

There was error in a Probate Court decree in ordering persons who held money in escrow to turn it over to the respondent where such persons were not parties to the proceeding. [606]

PETITION in equity, filed in the Probate Court for the county of Suffolk on March 22, 1954.

The case was heard by *Mahoney, J.*

*Stanley S. Ganz,* (*William R. Frothingham* with him,) for the petitioner.

*Joseph J. Hurley,* (*Thomas H. Bresnahan* with him,) for the respondent.

COUNIHAN, J. This is a petition brought in the Probate Court by a wife against her husband for an accounting of moneys turned over to the husband by her and for the transfer to her of certain real and personal property held by her husband.

During the pendency of the hearing upon this petition, a decree was entered in the Probate Court on the petition of the wife that she was living apart from her husband for justifiable cause and he was ordered to pay her $50 a week for her support.

The evidence shows that the petitioner and the respondent were married on February 19, 1924. She was then a dentist and he was a physician. They lived together until 1953 when domestic difficulties culminated in her leaving him. Two children were born of their marriage who are now living and of full age.

In her petition the wife alleges that from the date of marriage until the end of 1949 she turned over and delivered to the respondent the entire proceeds of her professional practice upon the understanding and agreement that the respondent would hold said moneys or the proceeds thereof in trust for the petitioner; that the respondent told her that said moneys or the proceeds thereof would be held as a fund

to provide for the petitioner "in her old age"; that the respondent also told her that he would redeliver and return said moneys or the proceeds thereof upon the request or demand of the petitioner; and that the petitioner relied upon these representations.

After hearing the judge entered a decree in favor of the respondent which will be hereinafter referred to in detail. The case comes here upon the appeal of the petitioner. The evidence is reported but the judge was not requested to make and made no findings of material facts. The decree in favor of the respondent imports a finding of every fact essential to support the conclusion of the judge, *Berry* v. *Kyes,* 304 Mass. 56, 57, *Williams* v. *Howard,* 330 Mass. 323, 325; and "Findings made upon oral testimony are not to be reversed unless they are plainly wrong." *Nowicki* v. *Nowicki,* 335 Mass. 392, 394.

The petitioner testified that in a talk with the respondent before their marriage he said that "we could take that step [get married] if I continued on working; and I said I would and that would help conditions in getting on our feet; then, afterward we — he would manage and everything and save money if I kept on, because I had a wonderful practice — and we would take care of our old age."

The respondent admitted that his wife gave him a substantial part of the receipts of her practice from the time they were married up to 1949 when domestic difficulties arose. The respondent admitted that he mingled the moneys which he received from his wife with moneys he received from his practice. He deposited some of such money in joint accounts in several savings banks, and invested some of the money in government bonds amounting to $10,000 which stood in their joint names, in a jointly held note for $6,000, in the purchase of a dwelling house at 195 Bay State Road, Boston, title to which was in their names as tenants by the entirety and in which they had offices and the family lived, and in a mortgage on real estate in their names as tenants by the entirety. He also bought a paid up insurance policy on his life in the sum of $5,000, opened joint accounts

in savings banks in his name and that of each of his children, and bought government savings bonds jointly with each of his children. All of the joint savings accounts, the savings bonds, the $6,000 note, and the real estate mortgage standing in the names of the husband and wife jointly or as tenants by the entirety were undisturbed when this petition was filed.

In her petition the wife sought an accounting of the moneys turned over by her to her husband and that the court determine the interest of the wife in all the assets in the name of the husband or in the name of the husband jointly with others.

The decree which the judge caused to be entered reads substantially as follows: I. That the title of the real estate located at 195 Bay State Road is in the parties as tenants by the entirety. "II. That the proceeds from the mortgage of the Framingham Community Hospital, now held in escrow by William Graham and Thomas H. Bresnahan, is the sole property of the respondent, Themistocles V. Campagna, and it is further ordered and decreed that said William Graham and Thomas H. Bresnahan turn over and pay said proceeds to the respondent." III to IX. That the moneys standing in a joint account, in the names of the petitioner and the respondent, in the several savings banks, are the sole property of the respondent. "X. That the U. S. Series G Bonds, in the amount of $10,000, standing in the joint names of the petitioner and respondent, are the sole property of the respondent; and it is hereby ordered and decreed that the petitioner shall indorse on said bonds her surrender of any right, title and interest to them." "XI. That the jointly held note, in the sum of $6,000, is the sole property of the respondent; and it is hereby ordered and decreed that the petitioner shall indorse her waiver on said note, of all her right, title and interest to it." "XII. That the petitioner has no right, title or interest in the U. S. Series G Bond, in the sum of $5,000, standing in the names of the respondent and his son." "XIII. That the petitioner has no right, title or interest in the U. S. Series G Bond, in

the sum of $5,000, standing in the names of the respondent and his daughter."

1. The evidence does not permit the conclusion that a trust had been created in the moneys given by the wife to her husband. The evidence in respect to this is vague and meager. The husband denied any trust and insisted that what his wife gave him constituted a gift. He paid all the bills incurred in the dental practice of his wife, and supplied her with money for household help, for the support of the family, for clothing for herself, for her personal medical bills, and for education and clothing for their children.

The "mere fact that the wife contributed to an account in the husband's name did not give rise to a trust. 'It was held in *English* v. *English*, 229 Mass. 11, 12–13, that when either husband or wife pays money or transfers property to the other, there is no presumption that it is received in trust. If a trust is alleged to exist, it must be proved. "In the absence of such proof, it must be deemed that the money, property or conveyance was received with the intention that it be applied to the use and benefit of either or both at the discretion of the recipient." ' . . . If the wife had contributed to the purchase price of real estate title to which was taken in the husband's name, before there could be a resulting trust in her favor she would have had to show that she paid a clearly defined sum of money for the whole or an exact part of the property. . . . The same principle applies to personal property." *Tenczar* v. *Tenczar*, 332 Mass. 105, 106–107. See *Hogan* v. *Hogan*, 286 Mass. 524, 526; *Childs* v. *Childs*, 293 Mass. 67, 71; *Frank* v. *Frank*, 335 Mass. 130, 135.

2. The petitioner now argues that on the evidence she is entitled to a decree of a half interest in the joint accounts and the bonds and note. We disagree.

There is no evidence that the petitioner knew of the accounts or the bonds and the note prior to an examination into the respondent's affairs after marital difficulties developed. There was not a completed gift either by delivery of the bank books or the bonds and the note, or by action hav-

ing the same effect. See *Goldston* v. *Randolph*, 293 Mass. 253, 256–257; *Ball* v. *Forbes*, 314 Mass. 200, 203–204; *Armstrong* v. *O'Brien*, 329 Mass. 572. Furthermore, whatever presumption of intent to create an interest in the petitioner might arise from the fact of the deposit in joint names, and we intend no suggestion in the circumstances, such presumption would not be operative in the presence of evidence. The evidence permitted the judge to find, on the question of intent, that the payments into the joint accounts of funds given the respondent by the petitioner were not in excess of amounts used in the payment of the bills of the wife's dental practice, and of her living and personal medical expenses, a share of the household expenses and of the children's clothing and education, and to find also that the pre-marital arrangement, if one was made, contemplated that such expenses would be borne, at least in part, by the petitioner.

The respondent answered "Yes" to the question, "And these sums of money that are deposited, do they represent savings and your original capital . . . [and][1] savings since then, over and above payment of all household expenses, and for the children and everything?" There was conflicting testimony as to how much the petitioner earned and how much the respondent earned. The petitioner had destroyed her records.

Even in cases where there is no question of an incompleted transfer of a property interest, "[t]he determination of the interest . . . in the deposits in the joint accounts is dependent primarily on what . . . [the] intention [of the parties] was, and this is a question of fact." *Buckley* v. *Buckley*, 301 Mass. 530, 531. See *Milan* v. *Boucher*, 285 Mass. 590; *Swenson* v. *Swenson*, 320 Mass. 105; *Arsenault* v. *Arsenault*, *ante*, 189.

The petition, framed to enforce a trust agreement, did not expressly raise the issue of the right of the petitioner in the joint accounts and the bonds and the note as a named joint tenant and the answer does not ask affirmative relief.

[1] Transcript reads "in."

The decree adjudicates that the petitioner has no interest and the petitioner has argued the issue fully here and has asked that a contrary ruling be made. In the circumstances we think that the petitioner may not object to the decree, which, without error on the evidence, ends any basis of her claiming an interest in such property. The Probate Court will of course have continuing jurisdiction to determine in the separate support case what decree for support is appropriate in the circumstances of the parties as they exist from time to time.

What we have said applies to the savings bank deposits, and the government bonds, and the note of $6,000.

3. There is no merit in the contention of the petitioner that the title to the real estate at 195 Bay State Road should be changed from that of a tenancy by the entirety to that of a tenancy in common. In 1933 when this property was originally acquired the husband took title in his own name. In 1946 he conveyed title through a straw to his wife and himself as tenants by the entirety. From the evidence we infer that he did this for the purpose of protecting his wife in case she survived him. Such a title continues during the existence of the marital relationship and cannot be changed except by death, divorce, a deed of both parties or a deed of one spouse to the other. *Bernatavicius* v. *Bernatavicius*, 259 Mass. 486. *Hale* v. *Hale*, 332 Mass. 329, 332. A decree of living apart for justifiable cause of course does not sever the marital relationship.

4. The balance of $34,333.38 on the mortgage on the Framingham Community Hospital, which was paid during the pendency of this suit and is now being held as an escrow, presents a different problem. The original mortgage and note of $45,000 were in the names of the husband and wife as tenants by the entirety. "That there may be a tenancy by entireties in personal property is settled." *Childs* v. *Childs*, 293 Mass. 67, 71. We think that the interest of the petitioner in the proceeds of this mortgage note or any balance due thereon is the same as her interest in the real estate which was the subject of the mortgage.

See *Childs* v. *Childs, supra.* The sum of $34,333.38 therefore should be paid to the respondent to be held for the benefit of the husband and wife as tenants by the entirety, he to have possession and the use and usufruct of such money during his life and upon the death of either the survivor should be entitled to all of the money. This relationship could be changed only as in the case of real property held as tenants by the entirety. This is emphasized by the requirement that, in case of a discharge of such a mortgage, such discharge must be executed by both husband and wife, if both are living. *Pineo* v. *White,* 320 Mass. 487, 490–492.

5. We are of opinion that that part of the decree in paragraph II whereby it was ordered that William Graham and Thomas H. Bresnahan, who held the balance of the proceeds of the Framingham Community Hospital mortgage as an escrow, turn over such balance amounting to $34,333.38 to the husband was error. Mr. Graham (who is now deceased) and Mr. Bresnahan were not parties to this suit and no order could effectively be made against either of them. The persons now holding this money as an escrow should be ascertained by the judge and joined as parties.

We also think that the judge should incorporate in his decree that the $5,000 paid up policy of insurance on the respondent's life be deemed to be the sole property of the respondent. This policy was not mentioned in the decree.

The petitioner does not argue in her brief any matters relative to any interest she may have with respect to any joint savings accounts or any savings bonds standing in the name of the respondent and each of their children so we do not pass upon such question. Rule 13 of the Rules for the Regulation of Practice before the Full Court (1952), 328 Mass. 698.

The decree of the Probate Court is reversed and the case is remanded to the Probate Court for further findings and rulings and the entry of an appropriate decree not inconsistent with what is said herein. Costs and expenses of this appeal are to be allowed the petitioner in the discretion of the Probate Court.                                    *So ordered.*