CHARLES GASTON SMITH, JR., administrator, *vs.* VIOLET G. TIPPING & others.

Suffolk. October 7, 1965. — October 28, 1965.

Present: SPALDING, WHITTEMORE, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Tenants by the Entirety. Personal Property,* Tenancy by the entirety. *Gift.*

The proceeds of a sale of real estate held by a husband and wife as tenants by the entirety were personal property held by them as tenants by the entirety, and an attempted gift of the proceeds by the husband to a third person was ineffective as against the wife in the absence of any act or deed by her divesting her interest.

Smith *v.* Tipping.

PETITION IN EQUITY filed in the Probate Court for the county of Suffolk on June 3, 1964.

The case was heard by *Keville, J.*

*Harold D. Goldberg* for the respondent Tipping.

*Raymond Rambach* (*Charles Gaston Smith, Jr.,* with him) for the petitioner.

WHITTEMORE, J. This is an appeal by the respondent Violet G. Tipping from a decree of the Probate Court for Suffolk County which, in substantial part, declares that the sum of $11,351.66, with any interest thereon, standing in Violet's name in an account with The Boston Five Cents Savings Bank is the property of the estate of Agnes M. Kelly and orders the bank to pay this amount with interest to the petitioner as administrator of Agnes's estate. The evidence is reported. There are no findings.

The evidence shows that John F. Kelly and his wife, Agnes, on April 16, 1962, conveyed to a third party real estate in Chelsea held by them as tenants by the entirety. Earlier, John had received $1,000 as a deposit. Except as noted below, the disposition of this sum is not shown. On April 16, 1962, John received three checks totaling $11,000 and gave a return check for $50.07. The sum of $10,949.93 was the net balance of the purchase price. The inference was justified that the adjusting check of $50.07 was paid from the $1,000 deposit.

The checks totaling $11,000 were deposited by John in a savings account in his name. On May 14, 1963, John withdrew from this account $11,000 and accumulated interest of $351.66. Of this sum, $6,351.66 was in a cashier's check; the balance was in cash. On July 16, 1963, John delivered to Violet $11,651.66 by transferring the cashier's check for $6,351.66 and delivering $5,300 in cash. Violet deposited $11,651.66 in The Boston Five Cents Savings Bank on July 19, 1963, withdrew $11,650 on August 8, 1963, and on May 28, 1964, redeposited $11,351.66.

The evidence permitted the inference that $5,000 of the cash sum delivered to Violet was the sum withdrawn from John's account and hence, like the $6,351.66, was proceeds of the sale of the real estate.

Violet testified that John stated that the $11,651.66 was a gift to her and her family. The decree declares that it was not a gift. The decree, in addition to its provision as to the $11,351.66 and interest, orders Violet to turn over to the petitioner the sum of $300, representing the difference between the amount received by her and the sum on deposit in The Boston Five Cents Savings Bank.

John died September 15, 1963. Agnes died November 2, 1963.

The decree as to the $11,351.66 was right. We hold that proceeds of the sale of real estate held by the entirety are personal property held by the entirety. In *Ronan* v. *Ronan,* 339 Mass. 460, 463, we held that proceeds from an eminent domain condemnation of realty held by the entirety were held by the entirety. See *Boland* v. *McKowen,* 189 Mass. 563 (proceeds of mortgage note); *Childs* v. *Childs,* 293 Mass. 67, 71–72 (proceeds of "bond for a deed"); *Campagna* v. *Campagna,* 337 Mass. 599, 605 (proceeds of mortgage note). That the instant case involves the proceeds from a sale and deed of real estate is not a serious distinction. The rationale and the language of these decisions are apt. In *Campagna* v. *Campagna, supra,* at 605 we said, "We think that the interest of the petitioner in the proceeds of this mortgage note or any balance due thereon is the same as her interest in the real estate which was the subject of the mortgage." For cases in accord in other jurisdictions, see Annotation, 64 A. L. R. 2d 8, 47 et seq. See also Powell, Real Property, § 622, p. 657. The evidence is bare of any suggestion of act or deed by Agnes to divest her interest. John's attempt to give to Violet the $11,351.66 held by the entirety with Agnes had no effect on Agnes's rights.

The evidence does not permit the conclusion that the estate of Agnes has a claim to the additional $300 that John gave Violet.

The respondent shows nothing requiring comment on the rulings on the admission of evidence.

The decree is to be modified to delete the order that Violet

turn over $300 to the petitioner. As so modified it is affirmed.

*So ordered.*