ROBERT N. MADDAMS *vs.* MARYBEL C. MADDAMS.

Nantucket. December 28, 1966. — February 8, 1967.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & SPIEGEL, JJ.

*Real Property,* Tenancy by the entirety, Joint tenancy, Partition. *Tenants by the Entirety. Joint Tenants.*

There can be no partition of land held by husband and wife as tenants by the entirety. [33]

A deed of real estate to husband and wife "as joint tenants with the right of survivorship and not as tenants in common" created a tenancy by the entirety, not a simple joint tenancy, in the absence of anything in the deed showing an intent to create a simple joint tenancy. [33–34]

PETITION filed in the Probate Court for the county of Nantucket on October 30, 1964.

The case was heard by *Sullivan,* J.

The case was submitted on briefs.

*John P. Curley, Jr.,* for the respondent.

*Robert F. Mooney* for the petitioner.

SPALDING, J. In this petition for partition the judge made a report of material facts of which the following is a summary. The petitioner and the respondent are husband and wife. Since August, 1964, they have been separated and separation proceedings are now pending in a New York court. The respondent has been living in Nantucket since May of 1965. The property which is the subject of this petition is a parcel of land in the town of Nantucket on which there is a two story frame dwelling house containing three apartments.

The petitioner purchased the property on June 8, 1956, and took title, as shown on a Land Court certificate of title, in the names of himself and the respondent "as joint tenants with the right of survivorship and not as tenants in common." The purchase price was $10,000, and was paid by $3,000 in cash advanced by the petitioner, and by two

mortgages in the amounts of $6,000 and $1,000. Both mortgages have been satisfied by the petitioner from his own funds. Since the property was acquired, the real estate taxes, insurance, and repairs have been paid for by the petitioner; he has also made substantial improvements to the property. Until their separation the petitioner and the respondent resided in one of the apartments during the summer season; the other two apartments were rented. The petitioner has not lived on the property since August, 1964; the respondent has lived there since May, 1965. The property is now "subject to various claims" (including an attachment for $2,400 by a plumber) for work and materials furnished during 1964 and 1965. During her occupancy the respondent has paid no rent; nor has she paid anything with respect to the "claims against the property."

After finding the foregoing facts the judge concluded that "the petitioner and respondent hold title to the property as simple joint tenants, that there was no intention to create a tenancy by the entirety at the time of purchase or thereafter, and that the parties each have a one-half undivided interest in the property." From a decree in accordance with this conclusion, the respondent appealed. The evidence is not reported.

If the parties took title as tenants by the entirety there could be no partition. *Bernatavicius* v. *Bernatavicius,* 259 Mass. 486, 487. G. L. (Ter. Ed.) c. 241, § 1. We are of opinion that the parties held the property as tenants by the entirety. The deed under which the property was acquired ran to the parties "as joint tenants with the right of survivorship and not as tenants in common." When the grantees, as here, are husband and wife, such a recital creates a tenancy by the entirety. In *Hoag* v. *Hoag,* 213 Mass. 50, it was said at page 53 that "the same words of conveyance which would make other grantees joint tenants will make a husband and wife tenants by the entirety. . . . Such is presumed to be the intention." This presumed intention can be overcome only if a contrary intent appears on the face of the instrument. *Finn* v. *Finn,* 348 Mass. 443, 446,

and cases cited. There is nothing of that sort here. "A report of material facts under the statute must contain every fact necessary to support the decree, from the entry of which no fact not expressly found may be implied." *Carilli Constr. Co.* v. *John Basile & Co.* 317 Mass. 726, 727. The facts found by the judge do not support the decree. They show a deed containing language which under our decisions creates a tenancy by the entirety. And, so far as appears, there was nothing in the deed showing a contrary intent. Thus the ultimate conclusion of the judge that a joint tenancy was created is inconsistent with the subsidiary facts found by him and cannot stand.

The final decree is reversed and a new decree is to be entered dismissing the petition.

*So ordered.*