VERA RUTH PURPLE *vs.* GEORGE F. PURPLE. June 12, 1968. The plaintiff seeks to enjoin her husband, the defendant, from disposing of the proceeds received by him from the taking by eminent domain of premises owned by them as tenants by the entirety, and to have the proceeds held under court order subject to the incidents of that tenancy. The final decree, so far as material, provided that the funds be deposited in the names of the husband and wife as tenants by the entirety, the interest during their joint lives to be paid to the husband, and the principal to be paid to the survivor; and provided further that upon dissolution of the marriage by divorce absolute, each was to receive one half of the net fund. The husband contests only the latter provision of the decree. There was no error. It appears from the bill and answer that the parties had lived apart since 1948. A divorce was not inconceivable. The final decree was within the scope of the pleadings, correctly applied the law in settling the rights of the parties and left nothing for future determination. *New England Factors, Inc.* v. *Genstil*, 322 Mass. 36, 45. *Frank* v. *Frank*, 335 Mass. 130, 135. *McPherson* v. *McPherson*, 337 Mass. 611, 613–614. *Ronan* v. *Ronan*, 339 Mass. 460, 463, and cases cited. *Goldman* v. *Finkel*, 341 Mass. 492, 493–494.

*Decree affirmed with costs of appeal.*

*John C. Collins* for the defendant.
*Max L. Rubin (Hyman Borax* with him) for the plaintiff.