ORRINA TURNER *vs.* JOHN GREENAWAY & another.[1] February 7, 1984. *Tenants by the Entirety. Real Property,* Tenants by the entirety. *Statute,* Retroactivity.

At issue is whether G. L. c. 209, § 1, as appearing in St. 1979, c. 727,[2] should be applied to a tenancy by the entirety created before the statute's effective date of February 11, 1980, where a creditor seizes the nondebtor spouse's principal home after the effective date of the statute. We left this issue open in *West* v. *First Agricultural Bank,* 382 Mass. 534, 549 n.26 (1981). A judge of the City of Boston Housing Court reported this issue to the Appeals Court, and we transferred the case to this court on our own motion. We hold that G. L. c. 209, § 1, should not be retroactively applied to a tenancy by the entirety created prior to the amendment even if the creditor seizes the principal home of the nondebtor spouse after the effective date of the statute.

We set forth the stipulated facts. In 1977, the defendants, husband and wife, bought their principal home in Boston. They took title as tenants by the entirety. In 1981, the plaintiff obtained a default judgment against the husband in the sum of $6,383. Execution issued, and on August 28, 1981, the plaintiff purchased the property at a sheriff's auction for the amount of the default judgment plus interest. The plaintiff seeks possession of the property.

---

[1] Eola Greenaway.

[2] General Laws c. 209, § 1, as appearing in St. 1979, c. 727, reads as follows:

"The real and personal property of any person shall, upon marriage, remain the separate property of such person, and a married person may receive, receipt for, hold, manage and dispose of property, real and personal, in the same manner as if such person were sole. A husband and wife shall be equally entitled to the rents, products, income or profits and to the control, management and possession of property held by them as tenants by the entirety.

"The interest of a debtor spouse in property held as tenants by the entirety shall not be subject to seizure or execution by a creditor of such debtor spouse so long as such property is the principal residence of the nondebtor spouse; provided, however, both spouses shall be liable jointly or severally for debts incurred on account of necessaries furnished to either spouse or to a member of their family."

The parties agree that, if the common law is applicable, the plaintiff is entitled to possession and control of the property as long as John Greenaway lives. See *Raptes* v. *Pappas,* 259 Mass. 37, 38-39 (1927). If the amendment to G. L. c. 209, § 1, is applicable, then the property is not subject to "seizure or execution by a creditor of [the] debtor spouse" because it is the principal residence of the nondebtor spouse.

In *West,* we recognized that "[r]etroactive alteration of the law is strongly contraindicated when the subject is settled rules of property." *West* v. *First Agricultural Bank, supra* at 551. More recently, we have said that, "[i]n the area of property law, the retroactive invalidation of an established principle is to be undertaken with great caution." *Sullivan* v. *Burkin,* 390 Mass. 864, 871 (1984). We conclude that, in the area of property law, the bar's reasonable reliance on a rule or a statute in effect at the time of *transfer* precludes retroactive application of a new rule or a statute unless, of course, the Legislature mandates that the statute apply retroactively.

The answer to the question reported is that tenancies by the entirety, created before February 11, 1980, are not subject to G. L. c. 209, § 1, as appearing in St. 1979, c. 727, even if the creditor seizes the principal home of the nondebtor spouse after the effective date of the statute. This matter is remanded to the Housing Court for proceedings consistent with this opinion.

*So ordered.*

*Donald J. Orkin* for the plaintiff.