**In re Rednor P. COOMBS, Debtor.**

**Richard P. SALEM, Trustee, Plaintiff,**

v.

**Beverly A. COOMBS, Defendant.**

**Bankruptcy No. 87–40409–JFQ.
Adv. No. 87–4135.**

United States Bankruptcy Court,
Massachusetts.

May 31, 1988.

Richard P. Salem, Leicester, Mass., for trustee/plaintiff.

David M. Nickless, Fitchburg, Mass., for debtor/defendant.

## FINDINGS AND RULINGS OF LAW

JAMES F. QUEENAN, Jr., Bankruptcy Judge.

Rednor P. Coombs (the "Debtor") owns his home at 15 Marshall Street, Fitchburg, Massachusetts as a tenant by the entirety with his wife, Beverly A. Coombs, having taken such title in 1965. The trustee, Richard P. Salem (the "Trustee"), has filed a complaint against the Debtor's wife ("Mrs. Coombs"), pursuant to 11 U.S.C. § 363(h)[1] seeking to sell her interest in the home as well as the interest of the Debtor. If successful, the trustee would be required by § 363(j)[2] to "distribute" to Mrs. Coombs the proceeds of the sale "according to the interests" of Mrs. Coombs and the estate in such proceeds. The Debtor and Mrs. Coombs oppose the sale, contending that the Trustee has not established all of the prerequisites for the sale required by § 363(h). Presented is a case of first impression concerning the effect of § 363(h) upon the rights of a wife as tenant by the entirety under Massachusetts law.

Mrs. Coombs concedes that partition of the property in kind is impracticable within the meaning of the statute. Indeed, real estate held in tenancy by the entirety is still not subject to partition in kind or by sale in Massachusetts. Mass.Gen.L. ch. 241, § 1; *see Maddams v. Maddams,* 352 Mass. 32, 223 N.E.2d 519 (1967). The parties also agree that the fair market value of the property is $75,000. The Debtor has offered to purchase his interest in the property for $20,000, payable over two years. Based upon expert testimony introduced by the Trustee, the Court finds that a sale of only the Debtor's interest to a third party would realize just $5,000 because of the essential unmarketability of the title. The Trustee's expert also opined that if the property were sold for $75,000, the interest of the Debtor, without considering a broker's commission, would be worth $65,000. He sets this value because of Massachusetts law which gives the husband in a tenancy by the entirety exclusive rights to income, possession, and control during his lifetime, with the wife having only an equal right to survivorship. The expert relied upon actuarial calculations of the value of the Debtor's right to income and possession and of the value of the parties' respective rights of survivorship. The Debtor and his wife have offered no competing valuation,

---

1. Section 363(h) provides:
 Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—
 (1) partition in kind of such property among the estate and such co-owners is impracticable;
 (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
 (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
 (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

2. Section 363(j) provides:
 After a sale of property to which subsection (g) or (h) of this section applies, the trustee shall distribute to the debtor's spouse or the co-owners of such property, as the case may be, and to the estate, the proceeds of such sale, less the costs and expenses, not including any compensation of the trustee, of such sale, according to the interests of such spouse or co-owners, and of the estate.

nor did they contest the accuracy of the actuarial tables used. Although a $65,000 value for income rights seems extremely high when we consider that capital gains potential is an attractive feature for real estate investors, in the absence of contrary evidence the Court finds that the Debtor's interest is worth $65,000.

The Trustee's position is a straightforward one. The sum of $20,000 is, in the wording of the statute, "significantly less" than $65,000, and the benefit to the estate from $65,000, or even the lesser amount of $45,000 needed to pay creditors in full, "outweighs the detriment" that a sale would cause to Mrs. Coombs. Mrs. Coombs is age 49, suffers from multiple sclerosis, and faces a progressive decline in her physical and intellectual functions. She cannot walk more than a few feet without support and requires a wheelchair to travel a distance of much more than that. The home is particularly suited to her, having an entrance for the handicapped and a narrow kitchen which enables her to cook and wash dishes with counters available for her support. In the opinion of the Debtor's expert medical witness, and the Court so finds, the move that would be required as the result of the sale of the property would likely place additional psychological and physical stress upon her. The Debtor therefore argues that the detriment to his wife from a sale is not outweighed by the benefit a sale would bring to the estate.

Resolution of this conundrum requires a detailed examination of Massachusetts law of tenancy by the entirety. The Trustee's expert was correct, up to a point, in his understanding of that law. At common law in Massachusetts, the husband and wife were viewed as one person; when they took title to property as tenants by the entirety, they each had the right to succeed to the entire interest through survivorship, but the husband had the sole right to the income and the use and enjoyment of the property. Statutes enabling a married woman to receive, hold, manage and dispose of property were not regarded as enlarging a wife's rights in a tenancy by the entirety. *See West v. First Agri-*

*cultural Bank,* 382 Mass. 534, 419 N.E.2d 262 (1981); *Pineo v. White,* 320 Mass. 487, 70 N.E.2d 294 (1946); *Licker v. Gluskin,* 265 Mass. 403, 164 N.E. 613 (1929); *Phelps v. Simons,* 159 Mass. 415, 34 N.E. 657 (1893); *Pray v. Stebbins,* 141 Mass. 219, 4 N.E. 824 (1886). The Massachusetts legislature has sought to correct this inequality by St. 1979, ch. 727 (amending Mass.Gen.L. ch. 209, § 1). The statute does not apply, however, to tenancies by the entirety, such as this one, created prior to February 11, 1980. *Turner v. Greenaway,* 391 Mass. 1002, 459 N.E.2d 821 (1984). The Supreme Judicial Court of Massachusetts, furthermore, has ruled that the apparent constitutional infirmities of this inequality do not apply to tenancies by the entirety created prior to the date of its decision. *See West v. First Agricultural Bank,* 382 Mass. 534, 419 N.E.2d 262 (1981). *See generally* Lavien & Mencher, *The Eclipse of Massachusetts Tenancy by the Entirety and a Reappraisal of Homestead as They Relate to Bankruptcy,* 67 Mass.L.Rev. 170 (1982).

Equally significant for our purposes, however, is that the wife's right to succeed to the entire interest if she survives her husband cannot be defeated by any act of the husband short of divorce. Both at common law and by statute the husband (as well as the wife) is prohibited from partitioning the property during their joint lives. *Licker v. Gluskin, supra; Bernatavicius v. Bernatavicius,* 259 Mass. 486, 487, 156 N.E. 685, 686 (1927); Mass.G.L. ch. 241, § 1. When real estate held in tenancy by the entirety is sold, all incidents of the tenancy, including the indefeasibility of the wife's survivorship rights, pass to the proceeds and such proceeds become personal property held by the entirety. *Smith v. Tipping,* 349 Mass. 590, 211 N.E.2d 231 (1965). This is also true of insurance proceeds and eminent domain proceeds. *Regnante v. Baldassare,* 15 Mass.App.Ct. 718, 448 N.E.2d 775 (1983), *review denied,* 389 Mass. 1104, 451 N.E.2d 1167 (1983); *Ronan v. Ronan,* 339 Mass. 460, 159 N.E.2d 653 (1959). If husband and wife cannot agree on the disposition of the proceeds, they are placed on deposit with a financial

institution and all interest is payable to the husband during their joint lives, with principal payable to the survivor; if the parties are thereafter divorced, each is entitled to one-half the fund. *Purple v. Purple*, 354 Mass. 770, 239 N.E.2d 16 (1968); *Ronan v. Ronan, supra; see also Campagna v. Campagna*, 337 Mass. 599, 150 N.E.2d 699 (1958).

 Section 363 does not dispense with Mrs. Coombs's survivorship rights in the entire proceeds because it does not direct a partition of the proceeds into shares. Section 363(h) merely authorizes the sale of property without the co-owner's consent if its standards are met. Section 363(j), quoted previously in the margin, states in part that "the trustee shall distribute to the debtor's spouse ... and to the estate, the proceeds of such sale, ... according to the interests of such spouse ... and of the estate." We do not read this subsection as a mandate to override the wife's indefeasible right of survivorship in the proceeds under state law. To the contrary, the phrase "according to the interests of such spouse ... and of the estate" appears to be intended to preserve respective state property rights in the proceeds. The subsection's legislative history, which speaks of distribution by the trustee to the respective parties of the "appropriate" portion of the proceeds, points in the same direction. *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 346 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 57 (1978), U.S. Code Cong. & Admin.News 1978, p. 5787. This is consistent with the traditional philosophy of bankruptcy law that property interests arising under state law should be preserved. The estate can obtain no greater interest in property than the debtor had before bankruptcy, except where the Bankruptcy Code expressly permits the estate to take greater rights in order to advance bankruptcy goals that are irreconcilable with state interests. H.R.Rep. No. 595, *supra*, at 367–68; S.Rep. No. 989, *supra*, at 82; *see also* 9 Am Jur. 2d, Bankruptcy §§ 239, 240 (1980). Section 363(h) expressly does so by permitting a sale of jointly owned property without the co-owner's consent; § 363(j) does not.

We would require clearer language than that contained in § 363(j) to conclude that a departure from traditional preservation of state law property rights was intended. The word "distribute," which can apply to income as well as principal, lacks this clarity. It is, of course, true that retention of the non-debtor tenant's survivorship rights in the proceeds largely frustrates the ability of the estate to obtain immediate and full benefit from the sale. Apparently the draftsmen did not have archaic state law such as that of Massachusetts in mind. They may only have had in mind the law of states such as New York where incidents of the tenancy do not attach to the proceeds, so that either spouse may demand a division of sales proceeds. *See Hawthorne v. Hawthorne*, 13 N.Y.2d 82, 242 N.Y.S.2d 50, 192 N.E.2d 20 (1963). There is a division of authority among states on whether a tenancy by the entirety can exist in personalty. *See* 4A R. Powell & P. Rohan, *The Law of Real Property* ¶ 621[6] (Rev. Ed.1986); 2 *American Law of Property* § 6.6(c) (1952). Massachusetts common law allows such an estate to be created in proceeds and other personalty. *Regnante v. Baldassare, supra; see Phelps v. Simons*, 159 Mass. 415, 34 N.E. 657 (1893) (bequest in will to husband and wife created a tenancy by the entirety in shares of stock). In any event, § 363(j) is insufficient to defeat Mrs. Coombs's right of survivorship.

The indefeasibility of Mrs. Coombs's survivorship rights in the proceeds has significance in the application of the standards contained in § 363(h). We have previously found that because of the Debtor's exclusive right to income, his interest in the property is worth $65,000. The estate's interest would appear to be worth somewhat less, approximately $45,000, because of the Debtor's exemption and because $45,000 is the approximate total of its pre-filing and post-filing debts. But it seems obvious that $20,000 payable over two years, the amount offered by the Debtor, is, in the wording of the statute, "significantly less" than $45,000.

The question remains: Is the detriment from the sale to Mrs. Coombs outweighed by the "benefit to the estate" from the sale? We conclude it is not. The essence of a Chapter 7 proceeding is prompt liquidation of the estate in order to facilitate the earliest and most substantial dividend to creditors as is reasonable under the circumstances. Under Massachusetts law the entire sales proceeds would have to be placed on deposit with interest payable to the husband during the joint lives of husband and wife; only divorce would permit an earlier division of the proceeds, an eventuality that is not likely here in view of the long and harmonious marriage of these parties. Such a disposition of the proceeds, with presumably periodic payment of interest to the bankruptcy estate, is opposed to the basic goal of Chapter 7 of an early and substantial dividend. It would likely take years for the estate to receive the value of its interest. Having these practicalities in mind, the benefit to the estate from the sale, over and above the $20,000 offered by the Debtor, would be substantially less than the abstract excess value of its interest. This benefit does not outweigh the detriment that the sale would bring to Mrs. Coombs. The sale and consequent move would cause her additional psychological stress that would operate upon a deteriorating mental condition; it would also cause her the physical difficulties inherent in adapting to new surroundings suitable for one who depends upon a wheelchair.

We need not decide whether the "detriment" referred to in § 363(h) is broad enough to encompass the detriment suffered by a wife when her interest in the property is transferred to proceeds that are valued in accordance with Massachusetts property law without regard to either her present equal enjoyment of the property with her husband or her potential settlement right to perhaps the entire interest in the property should a divorce occur. We also need not decide whether St.1979, ch. 727, which amended Mass.Gen.L. ch. 209, § 1 so as to do away with the husband's exclusive right to income, control and possession, also has the effect of ending the inability of either spouse to obtain partition and thus has different consequences under § 363. We do note that equality in rights to income and possession in a tenancy by the entirety does not necessarily end the indefeasibility of survivorship rights. *See* 2 *American Law of Property* § 6.6(b) (1952). Obviously, however, the amendment does eradicate the disproportionately high value of the husband's interest in the tenancy.

The Trustee's complaint is dismissed. A separate judgment has issued.