GERARD A. MAHER *vs.* JERRY PERVINICH & another. No. 89-P-401. April 6, 1990. *Tenants by the Entirety. Tenants in Common. Real Property*, Tenancy by the entirety, Tenants in common, Partition. *Probate Court*, Partition proceedings.

The petitioner and his wife owned land in Chatham as tenants in common with the respondents, also husband and wife. Each couple held their interest as tenants by the entirety by a deed given after the effective date of the revision (St. 1979, c. 727) of G. L. c. 209, § 1, which equalized the rights of spouses in property held in that form of ownership. See *West* v. *First Agric. Bank*, 382 Mass. 534, 549-550 (1981).

The petitioner commenced this action in the Probate Court (see G. L. c. 241, § 2; *Batchelder* v. *Munroe*, 335 Mass. 216, 218-219 [1957]) for partition of the tenancy in common held by him and his wife and the respondents. The petitioner and his wife were involved in divorce proceedings in the State of New York; the wife was not a party to the petition. The respondents' answer asserted, among other things, that the petitioner could not maintain an action for partition because he was a tenant by the entirety; a counterclaim asked for an accounting. See G. L. c. 241, § 25. On the respondents' motion, an order entered, without a statement of reasons, dismissing the petition *without prejudice*.

1. General Laws c. 241, § 1, which denies the right of partition to a tenant by the entirety, see *Bernatavicius* v. *Bernatavicius*, 259 Mass. 486, 487 (1927); *Maddams* v. *Maddams*, 352 Mass. 32, 33 (1967), does not prevent partition in this case. The petitioner does not seek to sever the tenancy by the entirety between him and his wife or the one between the respondents; rather, he asks for a division of the tenancy in common held

by the two couples. On partition, the land or the proceeds of sale allocated to each couple would remain as property held by the entirety. See *Ronan* v. *Ronan*, 339 Mass. 460, 463 (1959); *Smith* v. *Tipping*, 349 Mass. 590, 592 (1965); *Regnante* v. *Baldassare*, 15 Mass. App. Ct. 718, 721 (1983).

2. Fatal to the maintenance of the petition in its present form, however, is the absence of the petitioner's wife as a party. As we have mentioned, the tenancy by the entirety of the petitioner and his wife is governed by G. L. c. 209, § 1, as appearing in St. 1979, c. 727. That statute provides: "A husband and wife shall be equally entitled to the rents, products, income or profits and to the control, management and possession of property held by them as tenants by the entirety." The petitioner's wife is thus a necessary party to a petition to partition the tenancy in common, see Mass.R.Civ.P. 19(a), 365 Mass. 765 (1974), and there was, therefore, no error in the entry of the order of dismissal. See Mass.R.Civ.P. 12(b)(7), 365 Mass. 755 (1974). As the dismissal was appropriately without prejudice, the petitioner may proceed with a new petition joining all necessary parties. See rule 19(a)&(b).

> *Order of dismissal without
> prejudice affirmed.*

*Arthur C. Croce* for the plaintiff.
*Eric K. Rasmussen* for the defendants.