In re Paul CONROY, Debtor.

Bankruptcy No. 98–11428–WCH.

United States Bankruptcy Court,
D. Massachusetts,
Eastern Division.

Sept. 2, 1998.

Leonard M. Gold, Lakin Solomon & Gold, Boston, MA, for Debtor.

Michael H. Theodore, Riemer & Braunstein, Boston, MA, for BankBoston.

## DECISION REGARDING OBJECTIONS TO DEBTOR'S CLAIM OF EXEMPTION

WILLIAM C. HILLMAN, Bankruptcy Judge.

### I. Background

Paul Conroy (the "Debtor") and his wife, who is not a debtor, purchased a house (the "Residence") in 1976. They took title to the Residence as joint tenants. On March 7, 1996, the Debtor filed and recorded a declaration of homestead pursuant to MASS.GEN. LAWS ch. 188, § 2.[1] The Debtor filed for relief under Chapter 7 on February 13, 1998.

In Schedule A, the Debtor valued his interest in the Residence at $88,950.00. This amount represents approximately one-half of the fair market value of the Residence.[2] No mortgage or consensual lien encumbered the Residence at the time of the filing of the Debtor's petition. In Schedule C, the Debtor elected the exemptions available under Massachusetts law and claimed the full amount of his listed interest in the Residence as exempt pursuant to MASS.GEN.LAWS ch. 235, § 34(14)[3] and MASS.GEN.LAWS ch. 188, § 1.[4]

---

1. MASS.GEN.LAWS ch. 188, § 2 provides:

To acquire an estate of homestead in real property, the fact that it is designed to be held as such shall be set forth in the deed of conveyance by which the property is acquired; or, after the title has been acquired, such design may be declared by a writing duly signed, sealed and acknowledged and recorded in the registry of deeds for the county or district in which the property is situated.

2. BankBoston disputes the value the Debtor has assigned to the Residence.

3. MASS.GEN.LAWS ch. 235, § 34(14) provides:
The following property of the debtor shall be exempt from seizure on execution:

. . . .

Fourteenth, Estates of homestead as defined in chapter one hundred and eighty-eight.

4. MASS.GEN.LAWS ch. 188, § 1 provides:

An estate in homestead to the extent of one hundred thousand dollars in the land and buildings may be acquired pursuant to this chapter by an owner or owners of a home or one or all who rightfully possess the premise by lease or otherwise and who occupy or intend to occupy said home as a principal residence.

. . .

For the purposes of this chapter, an owner of a home shall include a sole owner, joint tenant, tenant by the entirety or tenant in common;

Both the Chapter 7 trustee (the "Trustee") and creditor BankBoston ("BankBoston") filed objections to the Debtor's claim of exemption. I held a hearing and took the matter under advisement.

## II. The Positions of the Parties

### A. The Trustee and BankBoston

The Trustee and BankBoston both argue that the Debtor incorrectly applied the homestead exemption to one-half of the fair market value of the Residence. They contend that rather than dividing the equity in the Residence in half and then taking the exemption, the Debtor must apply the exemption to the fair market value of the entire Residence and then divide the remainder in half.[5] This is the case, they argue, because the Debtor and his wife hold the Residence as tenants by the entirety and not as joint tenants, notwithstanding the language of the deed. This, in turn, means that the Debtor has an undivided interest in the Residence, subject to the right of survivorship. The Debtor's interest is not severable and therefore the entire value of the Residence became property of the estate when the Debtor filed his petition. BankBoston also argues that because the Massachusetts homestead entitles the Debtor and his wife to one $100,000 homestead exemption in the Residence, it applies to the real estate and is not personal to the Debtor.

### B. The Debtor

The Debtor disputes the claim that he holds the Residence as a tenant by the entirety. Even if it is a tenancy by the entirety, he argues, his interest in the property can be no more than one-half of the fair market value of the Residence.[6] The Debtor argues

that because the exemption applies to his interest in the Residence, he is entitled to the full Massachusetts exemption of $100,000.

## III. Discussion

Property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Section 522(b) provides that "an individual debtor may exempt from property of the estate the property listed in either paragraph (1), or in the alternative, paragraph (2) of this subsection." Paragraph 1 of subsection (b) is the federal exemption scheme and allows a debtor to exempt property listed in section 522(d), unless the debtor's state has opted out of the federal exemptions. Paragraph 2 of subsection (b) allows a debtor to choose the exemptions available under state law. Property of a debtor is included in the estate under section 541 and then is withdrawn from the estate by the debtor's claiming the property as exempt. See *Owen v. Owen*, 500 U.S. 305, 308, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991). The Debtor's claim of the Massachusetts homestead exemption therefore turns upon the determination of what portion of the Residence is property of the estate.

■ This first issue is whether the Debtor holds the Residence as a joint tenant or as a tenant by the entirety. "It is well established that a conveyance to husband and wife as joint tenants will create a tenancy by the entirety unless contrary intent appears on the face of the instrument." *Fekkes v. Hughes*, 354 Mass. 303, 304, 237 N.E.2d 19, 20 (1968); see also *Maddams v. Maddams*, 352 Mass. 32, 33, 223 N.E.2d 519, 521 (1967). As no such intent appeared on the deed, the Debtor and his spouse acquired the Resi-

---

provided, that only one owner may acquire an estate of homestead in any such home for the benefit of his family; and provided further, that an estate of homestead may be acquired on only one principal residence for the benefit of a family. For the purposes of this chapter, the word "family" shall include either a parent and child or children, a husband and wife and their children, if any, or a sole owner.

**5.** The Trustee also raised in her objection the issue of whether the Debtor improperly filed a regular homestead when he was eligible for a senior citizen exemption of $200,000 under Mass. Gen.Laws ch. 188, § 1A. As neither party has briefed the issue, I will consider it moot.

**6.** The Debtor claims that his interest is really less than half of the value of the property because of his wife's right of survivorship.

dence as tenants by the entirety under Massachusetts common law.

■ The Debtor's entirety interest in the Residence is property of the estate. See *In re Garner*, 952 F.2d 232, 234 (8th Cir.1991); *Napotnik v. Equibank Parkvale Sav. Ass'n*, 679 F.2d 316, 318–19 (3rd Cir.1982); *In re Sanders*, 213 B.R. 324, 327 (Bankr.M.D.Tenn. 1997); *In re Levenhar*, 24 B.R. 331, 335 (Bankr.E.D.N.Y.1982). The issue then becomes to determine the extent of the Debtor's interest in property held by the entirety.

■ Tenancy by the entirety is a form of ownership that is available only to husband and wife. See *Coraccio v. Lowell Five Cents Savings Bank*, 415 Mass. 145, 148, 612 N.E.2d 650, 652 (1993). The spouses are seized of the estate as one person and each spouse has a right of survivorship. See *Raptes v. Pappas*, 259 Mass. 37, 38, 155 N.E. 787 (1927). There can be no partition, voluntary or involuntary, of an estate held by the entirety as long as the marriage continues. See MASS.GEN.LAWS ch. 241, § 1; *Licker v. Gluskin*, 265 Mass. 403, 404, 164 N.E. 613, 614 (1929). The estate ceases only upon death, divorce, a deed of both parties or a deed of one spouse to the other. See *Campagna v. Campagna*, 337 Mass. 599, 605, 150 N.E.2d 699, 703 (1958).

■ Under the common law, spouses did not have equal rights in property held by the entirety.[7] The husband had the exclusive right to income, possession, and control of the property during his lifetime. See *West v. First Agricultural Bank*, 382 Mass. 534, 536, 419 N.E.2d 262, 263–64 (1981). He could alienate the property and a creditor of the husband could levy and take immediate possession. If the husband survived, the creditor would take title, but if the wife survived, she would become the sole owner and the

creditor's interest would be defeated. *Coraccio* at 150, 612 N.E.2d 650. This right of survivorship was the wife's only interest in the property. She had no right to possess the property, she could not alienate her interest without her husband's consent, and neither her creditors nor her husband's creditors could attach her interest. *Licker* at 407, 164 N.E. 613; *West* at 536, 419 N.E.2d 262.

As this is a common law tenancy by the entirety, the Debtor has rights in the Residence that are superior to those of his wife. In *In re Coombs*, 86 B.R. 314 (Bankr.D.Mass. 1988), Judge Queenan was required to determine the value of the debtor's interest in real estate in connection with the trustee's motion to sell the property under 11 U.S.C. § 363(h). The value differed depending upon whether the Trustee sold the Debtor's interest only or the entire property. *Id.* at 315. The Trustee's expert testified that the sale of the debtor's interest only would realize about 1/15 of the fair market value because of the unmarketability of the title. *Id.* The Debtor's interest after sale of the entire property, however, would be 13/15 of the fair market value because the husband had the right to possession, control and survivorship whereas the wife had only the right of survivorship. *Id.* Judge Queenan found that the value of the Debtor's interest was what he would receive if the entire property were sold. *Id.* at 316. I endorse and will follow *Coombs.*

■ Because the Debtor has superior rights in the Residence, his interest may be greater than the one-half value he ascribes to it but less than the 100% interest urged by the Trustee and BankBoston. Once I have determined the value of the Debtor's inter-

---

7. In 1979, the Massachusetts legislature changed the common law tenancy by the entirety with the enactment of MASS.GEN.LAWS ch. 209. Chapter 209, § 1, provides:

The interest of a debtor spouse in property held as tenants by the entirety shall not be subject to seizure or execution by a creditor of such debtor spouse so long as such property is the principal residence of the nondebtor spouse.

However, chapter 209 does not apply to tenancies created before 1980. See *Turner v. Greenaway*, 391 Mass. 1002, 459 N.E.2d 821 (1984). In 1989, the legislature enacted MASS.GEN.LAWS ch. 209, § 1A, which allows tenancies created before 1980 to elect to come within chapter 209. As the Debtor has not elected the statutory tenancy, his is a common law tenancy by the entirety.

est, the Debtor will be entitled to claim the Massachusetts homestead exemption in the amount of $100,000.

## IV. Conclusion

The objections to the Debtor's claim of exemption are sustained. I will hold a status conference on September 23, 1998 at 9:45 a.m. to determine the further course of proceedings with regard to the claimed exemption.