MAYNARD REALTY CORPORATION *vs.* JUNA E. TESTA (and a companion case[1]). No. 04-P-363. September 29, 2005. *Tenancy by the Entirety. Husband and Wife,* Tenancy by the entirety. *Real Property,* Tenancy by the entirety. *Statute,* Construction, Retroactive application.

Maynard Realty Corporation (Maynard Realty) appeals from a Land Court decision concluding that its purchase, at two sheriffs' sales, of interests in property held by Juna E. Testa and her husband Joseph N. Testa, was invalid as to Juna. The parties are in agreement that if the Testas held their property as tenants by the entirety under the common law at the time of the sales, Maynard Realty cannot prevail in this action. Maynard Realty argues that the Testas' tenancy was, by the Testas' election, a statutory tenancy created by the rewriting in 1979 of G. L. c. 209, § 1, which provides in relevant part: "A husband and wife shall be equally entitled to the rents, products, income or profits and to the control, management and possession of property held by them as tenants by the entirety. The interest of a debtor spouse in property held as tenants by the entirety shall not be subject to seizure or execution by a creditor of such debtor spouse so long as such property is the principal residence of the nondebtor spouse; provided, however, both spouses shall be liable jointly or severally for debts incurred on account of necessaries furnished to either spouse or to a member of their family." G. L. c. 209, § 1, as appearing in St. 1979, c. 727.

The facts are not disputed. On June 15, 1962, prior to the passage of c. 209, § 1, the Testas purchased their property, which they occupied as their primary residence, as tenants by the entirety. In 1990, Maynard Realty obtained default judgments and writs of execution against Joseph for nonpayment of rent and damages to commercial properties, and purchased his interest in the residence at a sheriff's sale. Maynard Realty subsequently paid real estate taxes on the

[1]Maynard Realty Corporation *vs.* Joseph N. Testa.

residence to prevent a tax sale, and then filed an action against Juna for nonpayment of the real estate taxes. It obtained a default judgment and a writ of execution against Juna, and in 2000, purported to purchase her interest in the residence at a sheriff's sale.

Juna first learned of the 1990 and 2000 sheriff's sales on June 28, 2001. On August 6, 2001, for reasons not apparent on the record, she and Joseph executed an election under G. L. c. 209, § 1A, which provided in relevant part that "[t]enants by the entirety holding under a deed dated prior to February eleventh, nineteen hundred and eighty may elect to have their tenancy treated as being subject to the provisions of [G. L. c. 209, § 1]." G. L. c. 209, § 1A, inserted by St. 1989, c. 283. On November 15, 2001, Maynard Realty filed complaints against Joseph and Juna individually to recover possession of the residence. Joseph died on June 17, 2002.

The narrow issue in this appeal is whether the Testas' election pursuant to G. L. c. 209, § 1A, made after the 2000 sheriff's sale, to have their tenancy treated as subject to the statutory tenancy operates retroactively so as to affect sales preceding their election. We agree with the Land Court judge that it did not, and that the Testas were tenants by the entirety under the common law when Maynard Realty sought to acquire Juna's and Joseph's interests in the residence. Maynard Realty's interest in the residence was thus limited to a survivorship interest and was defeated when Joseph predeceased Juna. See *Coraccio* v. *Lowell Five Cents Sav. Bank*, 415 Mass. 145, 149-150 (1993) (under common law, husband may alienate his interest in property, but wife may not, and such an alienation does not defeat wife's right of survivorship). We therefore need not decide the question whether payment of the real estate taxes was a debt incurred "on account of necessaries," pursuant to G. L. c. 209, § 1.

Chapter 209, § 1A, was enacted in apparent response to a decision of the Supreme Judicial Court, *Turner* v. *Greenaway*, 391 Mass. 1002, 1002 (1984), which held that "G. L. c. 209, § 1, should not be retroactively applied to a tenancy by the entirety created prior to the amendment even if the creditor seizes the principal home of the nondebtor spouse after the effective date of the statute." Section 1A provides those who acquired such property as tenants by the entirety prior to February 11, 1980, a way to benefit from the statute by their election in writing.

Nothing in the language of either § 1 or § 1A reflects an intent on the part of the Legislature to have the election statute operate retroactively to affect a seizure or sale of property that occurred prior to the election. Cf. *Somerset Sav. Bank* v. *Goldberg*, 166 B.R. 776, 778 (Bankr. D. Mass. 1994) ("Section 1A literally means that from the date of the election forward, creditors will not be permitted to seize or execute on the property of a nondebtor spouse"). Retroactive applications of the law to property transactions are disfavored. See *Sullivan* v. *Burkin*, 390 Mass. 864, 871 (1984) ("In the area of property law, the retroactive invalidation of an established principle is to be undertaken with great caution"). See also *West* v. *First Agric. Bank*, 382 Mass. 534, 551 (1981) ("Retroactive alteration of the law is strongly contraindicated when the subject is settled rules of property").

We conclude that the Testas' election in 2001 had no effect on the 1990 and 2000 sheriff's sales, and the subject property was thus held under a common-law form of tenancy by the entirety at the time of the sales. Maynard Realty

purchased only a survivorship interest in the property and acquired no interest of Juna's. We therefore affirm the decision of the Land Court.

*So ordered.*

*James L. Roberti* for Maynard Realty Corporation.
*Robert J. Morrill* for Juna E. Testa.