Tuttman, Kathe M., J.
Plaintiff Jane Jamgotchian filed this three-count complaint alleging that she sustained financial losses when she overpaid for property she purchased in Nahant, Massachusetts, in reliance on the defendant’s inflated real estate appraisal. Count I alleges negligence; Count II alleges violation of G.L.c. 93A; and Count III alleges breach of contract. This matter came before the Court for hearing on the defendant’s motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Mass.R.Civ.P. 12(b)(6). For the reasons discussed below, the defendant’s motion is ALLOWED.
BACKGROUND
The defendant, Stokes, is a licensed real estate appraiser and operates Stokes Appraisal Service. In July 2002, Stokes appraised property located at 137 Wilson Road in Nahant (“the property”) for its then owner. Stokes assessed the market value of the property at $660,000 using the so-called “Sales Comparison Approach.” This appraisal was submitted to Heritage Bank in Salem, Massachusetts (“the bank”). Nine months later, in April 2003, the plaintiff made an offer to purchase the property. The plaintiff made application to the bank for financing, and the bank selected Stokes to perform another appraisal of the property. On or about May 28, 2003, Stokes prepared this appraisal for the bank as a “recertification of value,” again using the “Sales Comparison Approach,” and assessed market value at $680,000. In early June 2003, the plaintiff closed on the property and paid for the second appraisal. She obtained an adjustable rate mortgage from the bank for $690,000. The plaintiff claims that she relied on Stokes’s second appraisal in her decision to acquire the property.
In 2005, the plaintiff determined that the true value of the property at the time she acquired it was $490,000. Had she purchased it at that price, her mortgage payments would have been approximately $1,000 less per month than what she had been paying. She alleges that the defendant was negligent in performing his appraisal; that he engaged in unfair and deceptive acts or practices in violation of G.L.c. 93A, §2 by preparing an inflated appraisal; and that he breached a contract with the plaintiff by producing an appraisal report that was flawed, inaccurate and stated a value in excess of true market value.
DISCUSSION
A motion to dismiss for failure to state a claim pursuant to R. 12(b)(6) must be analyzed ." . .in light of the principles that: (a) the allegations in the complaint, as well as such reasonable inferences as may be drawn from therefrom in favor of [the plaintiff], are to be taken as true ... and (b) a complaint is sufficient ‘unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.’ “ Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 239 (1991), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957), and Nader v. Cintron, 372 Mass 96, 98 (1977) (other citations omitted).
Negligence
The plaintiffs negligence claim is based on alleged deficiencies in the manner in which Stokes prepared his appraisal in 2003. Such a claim is barred by the clear and unequivocal language of G.L.c. 184, §17C. Macoviak u. Chase Home Mortgage Corp., 40 Mass.App.Ct. 755, 759-80 (1996), rev. denied, 423 Mass. 1109 (1996). Although G.L.c. 184, §17C has now been repealed, it was in effect at the time the defendant performed his appraisal for the bank, and controls the result here.[1] The statute required a lender to disclose .to a borrower, upon written request made within thirty days of the issuance of a letter of commitment or denial of a loan, an appraisal report for residential property containing an opinion as to the value of the property when the lender utilized the report in connection with the loan application. It stated in pertinent part: “A mortgagee, appraiser, or employee or other agent of the mortgagee shall not be *733 liable in damages to the applicant or to the seller or agent of the seller of such property on account of the disclosure or the contents of [such an appraisal] report” (emphasis added). Because it is indeed the contents of the appraisal report — containing Stokes’s opinion as to the value of the property — upon which the plaintiff claims to have relied in making her purchase, her negligence claim must fail as a matter of law. Macoviak, 40 Mass.App.Ct. at 759-80.[2]
Breach of Contract
The plaintiffs claim for breach of contract also fails as a matter of law. In Macoviak, the Court discussed the purpose of a real estate appraisal report prepared for a lender in conjunction with its consideration of a loan application: “The lender obtains an appraisal report in order to determine ‘[w]hether the value of the property is sufficient to secure the loan.’ 209 Code Mass. Regs. §38.99 Appendix B (1988). Thus, the purpose of the report is to inform the lender that the property has a sufficient fair market value to secure the requested loan. The risk of negotiating a fair price for the property remains with the buyer-borrower. The report is not intended to certify resale value to the borrower.” Id. at 759. Although the plaintiff paid for the appraisal, Stokes was retained by the bank to perform the appraisal for its exclusive benefit. The plaintiff did not contract directly with Stokes, nor was she an intended beneficiary of a contract between Stokes and the bank. Accordingly, while the plaintiff might have incidentally benefited from proper performance of the appraisal, she may not seek to enforce a claim for breach of contract. Miller v. Mooney, 431 Mass. 57, 61-62 (2000), citing Rae v. Air Speed Inc., 386 Mass. 187, 195 (1982), and Restatement (Second) of Contracts §302 (1981).
93A Violation
The plaintiff claims that the defendant engaged in unfair or deceptive practices in preparing his appraisal. This claim is derived from the underlying common-law claims of negligence and breach of contract. Because the plaintiff has no legal basis on which to maintain her common-law claims, her 93A claim must fail as well. Macoviak, 40 Mass.App.Ct. at 760-61.
ORDER FOR JUDGMENT
For the foregoing reasons, it is hereby ORDERED that the defendant’s Motion to Dismiss is ALLOWED as to all counts of the plaintiffs complaint. Accordingly, the complaint is hereby DISMISSED. Judgment shall enter for the defendant.

G.L.c. 184, §17C was repealed effective July 1, 2006 by a statutoiy amendment. The amendment did not include language directing a retroactive application of the repeal. “Absent unequivocal direction requiring retroactivity, civil statutes which affect substantive rights are commonly treated as operating prospectively.” Draleau v. Center Capital Corp.; Miles Kendex Co., Inc., 49 Mass.App.Ct. 783, 787, n.8 (2000). Also see Turner v. Greenaway, 391 Mass. 1002, 1003 (1984) (rescript).

The defendant raises two additional bases for dismissal of the plaintiffs negligence claim: expiration of the applicable statute of limitations, and the economic loss doctrine. Because I find that the negligence claim is precluded by G.L.c. 184, §17C as discussed above, it is not necessaiy to reach those questions.